(224 P.3d 1192)
No. 101,067

STATE OF KANSAS, *Appellee*, v. ANANSTACIO DELEON GALLARDO, *Appellant*.

—

Opinion filed February 26, 2010.

*John A. Fakhoury*, of Fakhoury Law Office, of Topeka, for appellant.

*Natalie Chalmers*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Steve Six*, attorney general, for appellee.

Before RULON, C.J., ELLIOTT and HILL, JJ.

RULON, C.J.: Defendant Ananstacio Deleon Gallardo appeals the district court's order to register as a sex offender after defendant was convicted of unlawful sexual relations and trafficking contraband in a correctional institution. Defendant argues the district court misconstrued and misapplied K.S.A. 22-4902(c)(14) in requiring him to register. We disagree and affirm.

Defendant was a vo-tech instructor employed in a women's correctional facility in Shawnee County. He was charged with one count of rape, one count of unlawful sexual relations, and two counts of traffic in contraband in a correctional institution. The rape and unlawful sexual relations counts involved an inmate at the facility, T.L.K. The contraband counts were for a "morning after pill" defendant allegedly acquired for T.L.K. and for tobacco. Defendant waived a preliminary hearing.

Defendant entered a guilty plea to unlawful sexual relations, K.S.A. 21-3520(a)(1), level 10 person felony, and the trafficking counts, K.S.A. 21-3826(a), level 6 nonperson felony, in exchange for the State's dismissal of the rape count. The plea agreement made no sentencing recommendations. In the plea agreement, defendant agreed "the charging affidavit filed in support of the Complaint . . . is a true and correct description of the facts and the Court shall consider same to be the factual basis supporting my plea," and if the case went to trial, the State "would be able to establish such facts set forth in the charging affidavit which establishes such element of the offense(s) beyond a reasonable doubt."

At the plea hearing, the State recited the factual basis for the charges, including the charging affidavit. The court asked defendant, "starting with Count II, which is the unlawful sexual . . . relations, do you admit to the facts that were read by [the prosecutor] . . . which related to that count to unlawful sexual relations and its sexual relationship between an employee of the department of corrections with a person who is not married to the offender and apparently is an inmate in that department of corrections?" After clarifying defendant was a vo-tech instructor, not a corrections officer, defendant's attorney said, "we would agree and stipulate to the factual basis sufficient for Count II." Defendant agreed.

The sentencing court then imposed the standard presumptive sentences: 18 months for each count of traffic in contraband, consecutive to each other, and 6 months for unlawful sexual relations, concurrent to the other counts. The court then granted 24 months' probation.

The sentencing court required the defendant to register as a sexual offender after finding the crime of conviction in this case

fell under K.S.A. 22-4902(c)(14) (2007) (now K.S.A. 2009 Supp. 22-4902[c][15]), as an act "determined beyond a reasonable doubt to have been sexually motivated."

Defendant essentially makes three distinct arguments he should not be required to register under the sexual offender statutory scheme. First, defendant argues K.S.A. 22-4902(c) does not expressly include the crime of unlawful sexual relations, thus implying defendant's crime should not be included within the "catch-all" provision, 22-4902(c)(14). Second, defendant argues K.S.A. 22-4902(a)(5) defines "offender" as one who is convicted of unlawful sexual relations where one of the parties is less than 18 years of age, thus implying that "offender" does not include such a conviction where the parties are both 18 years of age or older. Finally, defendant argues the sentencing court erred in requiring registration here because the sex acts were consensual and any finding of sexual motivation is not supported by the record. Defendant's arguments frame a question of statutory construction and application, so our appellate review is unlimited. See *State v. Jefferson*, 287 Kan. 28, 33, 194 P.3d 557 (2008).

The relevant statutory provisions in effect at material times herein are contained in the selected subsections of the 2007 version of K.S.A. 22-4902(a), (b), and (c), which provided in material part:

"(a) 'Offender' means: (1) A sex offender as defined in subsection (b);
(2) a violent offender as defined in subsection (d);
. . . .
(5) any person convicted of any of the following criminal sexual conduct if one of the parties involved is less than 18 years of age:
. . . .
(F) unlawful sexual relations as defined by K.S.A. 21-3520, and amendments thereto;
. . . .
"(b) 'Sex offender' includes any person who, after the effective date of this act, is convicted of any sexually violent crime set forth in subsection (c) or is adjudicated as a juvenile offender for an act which if committed by an adult would constitute the commission of a sexually violent crime set forth in subsection (c).
"(c) 'Sexually violent crime' means:
(1) Rape as defined in K.S.A. 21-3502 and amendments thereto;
(2) indecent liberties with a child as defined in K.S.A. 21-3503 and amendments thereto;

(3) aggravated indecent liberties with a child as defined in K.S.A. 21-3504 and amendments thereto;

(4) criminal sodomy as defined in subsection (a)(2) and (a)(3) of K.S.A. 21-3505 and amendments thereto;

(5) aggravated criminal sodomy as defined in K.S.A. 21-3506 and amendments thereto;

(6) indecent solicitation of a child as defined by K.S.A. 21-3510 and amendments thereto;

(7) aggravated indecent solicitation of a child as defined by K.S.A. 21-3511 and amendments thereto;

(8) sexual exploitation of a child as defined by K.S.A. 21-3516 and amendments thereto;

(9) sexual battery as defined by K.S.A. 21-3517 and amendments thereto;

(10) aggravated sexual battery as defined by K.S.A. 21-3518 and amendments thereto;

(11) aggravated incest as defined by K.S.A. 21-3603 and amendments thereto; or

(12) any conviction for an offense in effect at any time prior to the effective date of this act, that is comparable to a sexually violent crime as defined in subparagraphs (1) through (11), or any federal, military or other state conviction for an offense that under the laws of this state would be a sexually violent crime as defined in this section;

(13) an attempt, conspiracy or criminal solicitation, as defined in K.S.A. 21-3301, 21-3302 or 21-3303 and amendments thereto, of a sexually violent crime, as defined in this section; or

(14) any act which at the time of sentencing for the offense has been determined beyond a reasonable doubt to have been sexually motivated. As used in this subparagraph, 'sexually motivated' means that one of the purposes for which the defendant committed the crime was for the purpose of the defendant's sexual gratification." K.S.A. 22-4902(a), (b), and (c) (2007).

This defendant argues his crime is not among those specifically listed within 22-4902 (c)(1) through (c)(13), thus indicating legislative intent to exclude his crime of conviction despite the "catch-all" provision at (c)(14).

This defendant's principal crime of conviction was unlawful sexual relations under K.S.A. 21-3520(a)(1), which provides:

"(a) Unlawful sexual relations is engaging in consensual sexual intercourse, lewd fondling or touching, or sodomy with a person who is not married to the offender if:

(1) The offender is an employee or volunteer of the department of corrections, or the employee or volunteer of a contractor who is under contract to provide services for a correctional institution, and the person with whom the

offender is engaging in consensual sexual intercourse, lewd fondling or touching, or sodomy is a person 16 years of age or older who is an inmate."

The Kansas Legislature's specific failure to include unlawful sexual relations under subsections (c)(1) through (c)(13) does not indicate an intent to exclude *all other convictions* from registration requirements, but only an intent to exclude such convictions from per se inclusion. In fact, the legislature did not intend the listing to be exclusive given the addition of subsection (c)(14), which serves as a general "catch all" for crimes meeting the criteria set forth therein. If the failure of the legislature to list specific offenses within subsections (c)(1) through (c)(13) were to insulate all other crimes from being considered sexually violent, the general category defined by subsection (c)(14) would be rendered meaningless. Therefore, the only question is whether unlawful sexual relations meets the criteria of subsection (c)(14).

Our construction and application is consistent with a host of appellate decisions construing subsection (c)(14) and its predecessor. Most compelling is Judge Pierron's opinion in *State v. Patterson*, 25 Kan. App. 2d 245, 963 P.3d 436, *rev. denied* 265 Kan. 888 (1998), where the panel considered whether convictions of burglary and theft could be considered sexually motivated for purposes of this statutory scheme, also characterized as the Kansas Offender Registration Act, (KORA). Construing the predecessor to K.S.A. 22-4902(c)(14), the *Patterson* court rejected an argument very much like this defendant's argument before us:

"In light of the legislative history, it is clear that the legislature passed the [KORA] in order to protect Kansas residents from sex offenders who pose a high risk of reoffense. It is clear from the [KORA] that the legislature specifically required all people convicted of Chapter 21, Article 35 crimes, or crimes of a similar nature, to register as sex offenders. K.S.A. 22-4902(b)(1)-(10). It is also clear from the legislative history, and the language of K.S.A. 22-4902(b)(12), that the legislature was concerned with those offenders who commit crimes not commonly called sex crimes, but which nevertheless are criminal offenses committed by persons seeking sexual gratification. Notwithstanding the ambiguous statutory language, it is both reasonable, and consistent with legislative intent, to conclude that K.S.A. 22-4902(b)(12) [Furse 1995] [predecessor to K.S.A. 22-4902(c)(14)] defines as 'sexually violent' all crimes committed for the purposes of sexual gratification." 25 Kan. App. 2d at 249-50.

Our court has consistently construed the statutory scheme before us to mean *any act* meeting the requirement of the general definitional subsection for sexually motivated crime ([c][14]) will implicate registration without regard to inclusion or exclusion of the crime of conviction within the specific listing provided by other subsections. See, *e.g.*, *State v. Coman*, 42 Kan. App. 2d 592, 214 P.3d 1198 (2009) (review pending); *State v. Lopez*, 25 Kan. App. 2d 777, 973 P.2d 802 (1998) (affirming attempted aggravated burglary as sexually motivated); *State v. Lembke*, 2008 WL 1946845 (Kan. App. 2008) (unpublished opinion) (affirming as sexually violent a conviction for possession of child pornography); *State v. Stenger*, 2007 WL 1530118 (Kan. App. 2007) (unpublished opinion) (affirming as sexually motivated a conviction for furnishing alcoholic beverages to a minor for illicit purposes). Accordingly, our court has consistently had no difficulty in applying the "catchall" provision of 22-4902(c)(14) as independent of the express listing of crimes in subsections (c)(1) through (c)(13) of the same statute, and therefore we reject the defendant's first argument.

Defendant next argues the specific inclusion within the definition of "offender" of one convicted of unlawful sexual relations with a minor indicates legislative intent to exclude such a conviction involving adults. This argument again disregards the broad, general language elsewhere in the statute. K.S.A. 22-4902(a) clearly states "offender" includes a sex offender defined in subsection (b), which clearly includes anyone convicted of the crimes "set forth in" subsection (c). Therefore, we reject this argument for the same reasons we have rejected defendant's first argument. If unlawful sexual relations is found beyond a reasonable doubt to have been committed with sexual motivation pursuant to subsection (c)(14), the person so convicted is an "offender." We are convinced that any reasonable scrutiny of the entire legislative scheme set forth in 22-4902 manifests a strong legislative intent to broadly include within the statutory ambit virtually any crime committed with sexual gratification as its motivation.

Finally, defendant argues the sentencing court's findings of sexual motivation are not supported by the record, specifically because defendant contends the sex acts involved were consensual and were

not violent in nature. First, we note that neither consent nor violence is specifically mentioned within the criteria of 22-4902(c)(14). The only question is whether there was evidence to support the sentencing court's finding beyond a reasonable doubt this defendant's act was sexually motivated.

The factual basis for defendant's plea of guilty was as follows: Another inmate asked the victim, T.L.K., if she would have sex with the defendant, in return for which the defendant would "take care of her for the rest of her time there." T.L.K. replied she was willing to give defendant a "blow job" but would not have sexual intercourse with him. Later defendant took T.L.K. to a storage facility, where he licked T.L.K.'s breasts and T.L.K. performed oral sex on the defendant. Defendant turned T.L.K. around and told her to get on her knees. T.L.K. complied, fearing she could not refuse. Defendant put his penis in T.L.K.'s vagina and ejaculated. About 2 weeks later, T.L.K. told the defendant she thought she was pregnant and the defendant then provided T.L.K. "morning after pills" and told her to take them.

The sentencing court held "there doesn't appear to be any other reason that those acts might have been committed, other than for the defendant's sexual gratification." We agree. The sentencing court's finding satisfies the criteria under K.S.A. 21-4902(c)(14) (2007). No argument has been made in this appeal that the sentencing court's finding beyond a reasonable doubt violates any constitutional requirement. See *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).

Affirmed.