(285 P.3d 389)
No. 107,063

## In the Matter of K.B.

—

Opinion filed September 14, 2012.

*Laurie K. Kahrs*, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE and STANDRIDGE, JJ.

MALONE, J.: K.B. appeals the district court's order that he register as a sex offender under the Kansas Offender Registration Act (KORA) following his juvenile adjudications of two counts of battery. K.B. asserts that the district court lacked substantial competent evidence to determine, beyond a reasonable doubt, that the batteries were sexually motivated. We agree. Accordingly, we vacate the registration order and remand for an evidentiary hearing for the district court to determine whether the batteries were sexually motivated, if the State seeks such a finding. Additionally, K.B. argues that the district court erred in recommending that he complete sex offender treatment as a condition of his sentence. We disagree and find that the district court was authorized to recommend sex offender treatment. But we note that on remand the

district court may reconsider its recommendation if the district court hears evidence on whether the batteries were sexually motivated.

On May 3, 2010, the State filed a juvenile complaint in Marion County alleging that K.B. committed one count of indecent liberties with a child and one count of purchase or consumption of an alcoholic beverage by a minor. On August 16, 2010, the State filed a separate juvenile complaint in Marion County alleging that K.B. committed one count of rape. The State later amended the charges of indecent liberties with a child and rape to misdemeanor battery. On January 19, 2011, K.B. pled guilty in each case to the amended charge of misdemeanor battery, and the charge of purchase or consumption of an alcoholic beverage by a minor was dismissed. The district court adjudicated K.B. a juvenile offender in each case and transferred the cases to Sedgwick County, where K.B. lived, for sentencing.

On April 13, 2011, the State filed a juvenile complaint in Montgomery County alleging that K.B. committed one count of criminal discharge of a firearm at an occupied dwelling. K.B. pled no contest to the charge. The district court adjudicated K.B. a juvenile offender and transferred the case to Sedgwick County for sentencing.

On August 9, 2011, the Sedgwick County District Court held a sentencing hearing in all three cases. At the hearing, the State noted that the two batteries had stemmed from allegations of a sexual nature. K.B. denied any sexual contact with either victim. The district judge stated that he had reviewed the presentence investigation (PSI) report and a social update that included the results of a Juvenile Sex Offender Assessment Protocol-II (J-SOAP). On the two battery adjudications, the district court placed K.B. into the custody of the Juvenile Justice Authority (JJA). The district court found that the batteries were sexually motivated, ordered sex offender registration, and recommended that K.B. complete sex offender treatment as a condition of his direct commitment and aftercare. In rendering its decision, the district court made no findings as to the alleged sexual nature of the crimes other than to state that the batteries involved "younger people who are easily victimized" and to note to K.B. that "you have two young

ladies coming forward saying that you sexually are molesting them."
On the criminal discharge of a firearm adjudication, the district
court found that K.B. was a chronic offender II, escalating felon,
and ordered direct commitment to the Juvenile Correction Facility
for 12 months with 12 months' aftercare, to run concurrent with
the sentences on the batteries. See K.S.A. 2011 Supp. 38-
2369(a)(3)(B).

On August 17, 2011, K.B. filed a motion to correct illegal sen-
tence in which he argued that there was insufficient evidence to
support the district court's conclusion that his offenses were sex-
ually motivated. K.B. asked the district court to reverse the finding
of sexual motivation and vacate the registration order and any re-
quirement that he complete sex offender treatment as part of his
sentence. At the hearing, the State conceded that the sexual mo-
tivation finding was improper and should be vacated along with the
order for sexual offender registration, but argued that the district
court had the general authority to order counseling, and therefore
the sex offender treatment recommendation was not contrary to
statute. After hearing argument, the district court denied K.B.'s
motion. K.B. timely appealed his sentences, and the three cases
were consolidated for appeal.

On appeal, K.B. argues that the district court lacked substantial
competent evidence to determine, beyond a reasonable doubt, that
the batteries were sexually motivated and the district court erred
in ordering him to register as a sex offender. K.B. also argues that
the district court abused its discretion in recommending that he
complete sex offender treatment as a condition of his direct com-
mitment to JJA and aftercare. Although the State conceded in dis-
trict court that the sexual motivation finding was improper, on ap-
peal the State argues that the registration order was supported by
substantial competent evidence. The State also argues that the dis-
trict court did not abuse its discretion in recommending that K.B.
complete sex offender treatment.

Under the KORA, any person who is adjudicated as a juvenile
offender for an act which, if committed by an adult, would consti-
tute a sexually violent crime may be required to register as a sex
offender, so long as the crime is not an off-grid felony or a severity

level one nondrug felony. See K.S.A. 22-4902(b); K.S.A. 22-4904. K.S.A. 2009 Supp. 22-4902(c) lists a number of specific crimes considered sexually violent and also includes:

"(15) any act which at the time of sentencing for the offense has been determined beyond a reasonable doubt to have been sexually motivated. As used in this subparagraph, 'sexually motivated' means that one of the purposes for which the defendant committed the crime was for the purpose of the defendant's sexual gratification."

K.B. first argues that the district court erred by finding that the batteries were sexually motivated. Because simple battery, the crime at issue here, is not explicitly listed as a sexually violent crime in K.S.A. 2009 Supp. 22-4902(c), the district court must have found beyond a reasonable doubt that the batteries were sexually motivated in order to have properly required K.B. to register as a sex offender.

When reviewing a district court's finding that an offense was sexually motivated under the KORA, an appellate court determines whether that finding of fact is supported by substantial competent evidence. *State v. Chambers*, 36 Kan. App. 2d 228, 239, 138 P.3d 405, *rev. denied* 282 Kan. 792 (2006). Substantial evidence is legal and relevant evidence that provides a substantial basis of fact from which to reasonably determine the issues and that a reasonable person could accept as being adequate to support a conclusion. *State v. Walker*, 283 Kan. 587, 594-95, 153 P.3d 1257 (2007).

K.B. pled guilty to the battery charges in Marion District Court. As K.B. notes, a guilty plea can be a source of substantial competent evidence sufficient to support a finding that a crime was sexually motivated. See *State v. Gallardo*, 43 Kan. App. 2d 346, 352, 224 P.3d 1192 (2010), *rev. granted and remanded by order on other grounds* May 21, 2012. But here, it does not appear that the sentencing court—a different court than the one that took K.B.'s guilty plea—considered any facts admitted by K.B. at the plea hearings. The transcripts of the plea hearings are not included in the record on appeal. Moreover, the State did not present the sentencing court with any testimony or other evidence about a sexual motivation for the batteries.

K.B. cites *State v. Young*, No. 97,948, 2008 WL 2186173 (Kan. App. 2008) (unpublished opinion), for his proposition that the evidence considered by his sentencing court was insufficient to support a finding that the batteries were sexually motivated. In *Young*, the State originally charged the defendant with lewd and lascivious conduct, but later amended the charge to aggravated assault. The defendant pled guilty to the amended charge and, for the factual basis underlying the plea, the State merely recited the language contained in the amended complaint. Prior to sentencing, a PSI report was submitted to the district court based on information from police reports, which described the sexual allegations leading to the charges against the defendant. At the sentencing hearing, the district court noted the original charge of lewd and lascivious conduct and the State read a statement from the victim in which the victim was thankful that she had not been raped. The district court found that the conviction was sexually motivated and ordered the defendant to register as a sex offender. 2008 WL 2186173, at *2.

On appeal, the defendant argued that the district court's finding that the crime was sexually motivated was not supported by substantial competent evidence. This court stated that in order to satisfy the requirements of the catch-all section of the KORA's provisions on what constitutes a sexually violent crime, "the State must present substantial competent evidence, which would be more than the prosecutor's unsworn statements relating hearsay and the victim's unsworn statements." 2008 WL 2186173, at *5. This court noted that the plea to aggravated assault, " 'not only allowed the victim to avoid testifying about what [the defendant] had done, . . . it also kept the information of the crime off the record." 2008 WL 2186173, at *5. This court concluded that because evidence of the alleged sexual motivation was not included in the record, the district court did not have the substantial competent evidence required to determine beyond a reasonable doubt that the defendant committed the crime for the purpose of his sexual gratification. 2008 WL 2186173, at *5. Accordingly, this court reversed and remanded for an evidentiary hearing on whether the crime was sexually motivated. 2008 WL 2186173, at *5.

Likewise, here, the State failed to present any evidence of sexual motivation underlying the batteries committed by K.B. The prosecutor stated at sentencing that "[i]t's concerning to the State that the two batteries stem from sexual allegations in nature," but the prosecutor presented no evidence to support the contention. The PSI report and the social update stated that the battery charges were pled down from aggravated indecent liberties with a child and rape. According to a referenced affidavit, which was not submitted to the district court and is not included in the record on appeal, one battery charge stemmed from an allegation that "[K.B.] rubbed the breast of his ex-girlfriend with his finger while being intoxicated." In another instance, "[a]ccording to the Affidavit, the 12-year-old victim reported having consensual sex with [K.B.] in his bedroom." But the PSI report also stated that K.B. "adamantly denied any sexual contact with either victim" and claimed he did not even know the 12-year-old alleged victim.

In *In re T.T.R.*, No. 106,897, 2012 WL 2476997 (Kan. App. 2012) (unpublished opinion), this court again addressed the propriety of using a PSI report as the source of evidence for a district court's determination that a crime was sexually motivated under the KORA. In *T.T.R.*, a juvenile offender entered an *Alford* plea to amended charges of misdemeanor assault and aggravated battery after originally being charged with aggravated indecent liberties with a child. The district court considered the PSI report and a J-SOAP, in which the juvenile and his mother denied the sexual molestation allegations in the original complaint, and a screener found no other indications of sexual acting out or sexual pathology. 2012 WL 2476997, at *1. As in the instant case, the PSI report also referenced information from the alleged victims as contained in an affidavit, but the affidavit was not submitted to the district court. 2012 WL 2476997, at *3. The district court mentioned the serious allegations and terrible impact of the child molestation, noted that the girls gave consistent statements to police about the alleged molestations, and stated that it found the girls' statements to be credible. 2012 WL 2476997, at *2. Basing its decision on the complaint and the PSI report, the district court ultimately determined

that the aggravated battery and misdemeanor assault were sexually motivated. 2012 WL 2476997, at * 3.

On review, this court determined that the district court lacked substantial competent evidence to find, beyond a reasonable doubt, that the crimes were sexually motivated. 2012 WL 2476997, at *5. Specifically, this court noted that because the juvenile had entered an *Alford* plea, he had never admitted to the allegations contained in the affidavit. 2012 WL 2476997, at *4. Citing *Young* for support, this court found that "victims' unsworn statements alone cannot constitute substantial competent evidence for a trial court to rule that a defendant has committed a sexually motivated crime." 2012 WL 2476997, at *4. This court remanded with directions to vacate the portion of the sentence which stated that the offenses were sexually motivated. 2012 WL 2476997, at *5.

Similarly, here, the district court did not hear K.B.'s guilty plea and there is no evidence that the district court was aware of factual admissions in the guilty plea that supported a finding of sexual motivation. Although the PSI report and social update listed the original charges, the fact that sexual crimes were originally charged and later amended is not sufficient evidence to prove, beyond a reasonable doubt, that later-charged crimes were sexually motivated. The affidavit to which the PSI report and the social update refer is not included in the record on appeal, nor is there any indication that the district court had the affidavit. Also, the district court did not make clear which facts it relied on in determining that the offenses were sexually motivated. Consistent with *Young* and *T.T.R.*, we conclude the district court lacked substantial competent evidence to find, beyond a reasonable doubt, that K.B.'s batteries were sexually motivated.

We specifically address the disposition of this case due to a lack of consistency in prior cases considering this issue. In some cases, this court has reversed and remanded for further proceedings to determine whether the crimes were sexually motivated. See *In re L.L.B.*, No. 106,469, 2012 WL 1658933 (Kan. App. 2012) (unpublished opinion); *Young*, 2008 WL 2186173; *State v. Schweigert*, No. 91,483, 2005 WL 2076470 (Kan. App. 2005) (unpublished opinion). In at least one instance, however, this court has taken the

action now urged by K.B.: remanded with directions to vacate the portion of the sentence which stated the offense was sexually motivated. See *In re T.T.R.*, 2012 WL 2476997. Neither K.B. nor the *T.T.R.* court explains why a district court's erroneous factual finding that a crime was sexually motivated precludes further proceedings on remand. There are no double jeopardy concerns because K.B.'s guilt was determined when the district court accepted his guilty plea and adjudicated him a juvenile offender. Accordingly, we conclude that the appropriate disposition of this issue is to vacate the district court's order that K.B. register as a sex offender and remand for an evidentiary hearing for the district court to determine whether the batteries were sexually motivated, if the State seeks such a finding.

K.B. also asks this court to vacate the district court's recommendation that he complete sex offender treatment as a condition of release from JJA custody. K.B. argues, without citing any authority, that a recommendation of sex offender treatment presumes sexual offender status. K.B. contends that because the district court erred in finding that the batteries were sexually motivated, the district court also erred in recommending sex offender treatment as a condition of his sentence.

K.B. acknowledges that, generally, setting conditions of probation and parole lies within the sound discretion of the district court. *State v. Mosburg*, 13 Kan. App. 2d 257, 258, 768 P.2d 313 (1989). Accordingly, the district court's conditions of a juvenile offender's postrelease supervision should be reviewed for abuse of discretion.

Under K.S.A. 2011 Supp. 38-2361(a)(4) and (10), because K.B. was placed in the custody of the commissioner of the JJA, the order for K.B. to complete sex offender treatment "constitute[d] a recommendation by the court." The statute affords the district court broad discretion to recommend that a juvenile who has been adjudicated a juvenile offender "attend counseling, educational, mediation or other sessions." See K.S.A. 2011 Supp. 38-2361(a)(10), (b). There is no language in the statute that requires a district court to find that a juvenile offender is a sex offender before recommending sex offender treatment. Accordingly, the district court was authorized to recommend that K.B. complete sex offender

treatment as a condition of his direct commitment and aftercare. On remand, however, the district court may reconsider whether sex offender treatment is an appropriate recommendation if the parties present evidence on whether the batteries were sexually motivated.

Affirmed in part, vacated in part, and remanded with directions.