(300 P.3d 89)
No. 101,067

STATE OF KANSAS, *Appellee*, v. ANANSTACIO DELEON GALLARDO,
*Appellant.*

Opinion filed April 5, 2013.

*John A. Fakhoury*, of Fakhoury Law Office, of Topeka, for appellant.

*Natalie Chalmers*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Steve Six*, attorney general, for appellee.

Before HILL, P.J., GREEN and ARNOLD-BURGER, JJ.

HILL, J.: A panel of this court held there were sufficient facts in the record on appeal to support the district court's conclusion that Ananstacio Deleon Gallardo's crime was sexually motivated in *State v. Gallardo*, 43 Kan. App. 2d 346, 224 P.3d 1192 (2010). Gallardo appealed that ruling to our Supreme Court. Ultimately, that court remanded this case to us for reconsideration in light of their recent ruling in *State v. Coman*, 294 Kan. 84, Syl. ¶ 6, 273 P.3d 701 (2012).

*Case history.*

On June 19, 2008, Gallardo was convicted of unlawful sexual relations in violation of K.S.A. 21-3520(a)(1). The district court required Gallardo to register as a sex offender after finding the

crime of conviction fell under K.S.A. 22-4902(c)(14), as it was a "sexually motivated" crime. *Gallardo*, 43 Kan. App. 2d at 347-48.

Gallardo appealed to this court, arguing the district court erred in requiring him to register as a sex offender. Gallardo claimed the Kansas Offender Registration Act, K.S.A. 22-4901 *et seq.*, was not applicable to the crime of unlawful sexual relations as it pertains to two consenting adults. Gallardo also argued the district court erred in determining his crime fell under the "catch-all provision" of K.S.A. 22-4902(c)(14) because (1) his crime was not sexually violent; (2) there was no evidence his crime was sexually motivated; and (3) where the statute specifically provided that unlawful sexual relations requires registration if one of the parties is less than 18 years old, a finding that he must register under the catch-all provision renders the age requirement superfluous.

*Court of Appeals ruling.*

This court rejected Gallardo's claim. In doing so, the court first noted that Gallardo's crime is not among those specifically listed at K.S.A. 22-4902(c)(1)-(13)—a list of crimes deemed " 'sexually violent.' " The court then concluded:

"The Kansas Legislature's specific failure to include unlawful sexual relations under subsections (c)(1) through (c)(13) does not indicate an intent to exclude all other convictions from registration requirements, but only an intent to exclude such convictions from per se inclusion. In fact, the legislature did not intend the listing to be exclusive given the addition of subsection (c)(14), which serves as a general 'catch all' for crimes meeting the criteria set forth therein. If the failure of the legislature to list specific offenses within subsections (c)(1) through (c)(13) were to insulate all other crimes from being considered sexually violent, the general category defined by subsection (c)(14) would be rendered meaningless. Therefore, the only question is whether unlawful sexual relations meets the criteria of subsection (c)(14)." *Gallardo*, 43 Kan. App. 2d at 350.

The court went on to note that panels of this court have "consistently construed" the applicable statutes to mean that *any act* meeting the requirement of the general definitional subsection for sexually motivated crime ([c][14]) will implicate registration without regard to inclusion or exclusion of the crime of conviction within the specific listing provided by other subsections." 43 Kan. App. 2d at 351. The court concluded:

"If unlawful sexual relations is found beyond a reasonable doubt to have been committed with sexual motivation pursuant to subsection (c)(14), the person so convicted is an 'offender.' We are convinced that any reasonable scrutiny of the entire legislative scheme set forth in 22-4902 manifests a strong legislative intent to broadly include within the statutory ambit virtually any crime committed with sexual gratification as its motivation." 43 Kan. App. 2d at 351.

The panel went on to conclude there were sufficient findings to support the district court's determination that Gallardo's crime was sexually motivated. 43 Kan. App. 2d at 351-52.

Gallardo sought review by our Supreme Court. The Supreme Court ultimately granted review in Gallardo's case and remanded it to this court for reconsideration in light of *Coman*, 294 Kan. 84—a case decided in March 2012. This court must now consider Gallardo's challenge to his sentence in light of *Coman*.

*Supreme Court's ruling in* Coman.

In *Coman*, the court considered whether a defendant convicted of misdemeanor criminal sodomy was required to register as a sex offender under the catch-all provision at K.S.A. 22-4902(c)(14). Although Coman's crime of conviction was not a crime listed in K.S.A. 22-4902(c)(1)-(13), the crime of *felony* criminal sodomy *was* included in this list. 294 Kan. at 85; see K.S.A. 22-4902(c)(4).

The *Coman* court ultimately held the district court erred in requiring Coman to register as a sex offender under the catch-all provision. 294 Kan. at 97.

In doing so, the court first noted that when the legislature included criminal sodomy in its list of sexually violent crimes at K.S.A. 22-4902(c)(1)-(13), it specifically included the felony version of the crime, but not the misdemeanor. The court concluded there was no "doubt" the legislature intentionally omitted the misdemeanor from the list of sexually violent crimes. See 294 Kan. at 92-93. The court rejected this court's conclusion that the omission of the misdemeanor merely reflects a belief that not every act of misdemeanor criminal sodomy should be considered sexually violent—but that a particular violation may be considered sexually violent if the facts indicate the act was sexually motivated, as contemplated by the catch-all provision. 294 Kan. at 94. In rejecting

this analysis, the Supreme Court reasoned it was "counterintuitive" to think the legislature went to the trouble of omitting the misdemeanor crime from the list simply to eliminate the registration requirement for the "rare, if not nonexistent" circumstance in which a person commits the crime without sexual motivation. 294 Kan. at 94. The court stated this court's interpretation rendered the omission of misdemeanor criminal sodomy from the list "virtually meaningless and useless, because the very act of committing the omitted crime brings the actor within the broadly cast net" of the catch-all provision. 294 Kan. at 94.

The Supreme Court also pointed out that the legislature specifically *included* misdemeanor criminal sodomy as a crime requiring registration where one party is under age 18. See K.S.A. 22-4902(a)(5); 294 Kan. at 94-95. The court said this court's interpretation rendered this section of the statute superfluous, stating: "Why carve out a registration requirement where the victim is age 16 or 17, if the catch-all provision is intended to pull in all sexually motivated defendants anyway?" 294 Kan. at 95.

The court went on to opine that the catch-all provision "remains viable and useful for unlisted, nonsex crimes." 294 Kan. at 94. The court cited discussion from Judge Leben's dissenting opinion in *State v. Coman*, 42 Kan. App. 2d 592, 604-07, 214 P.3d 1198 (2009), where he noted the extensive history of the registration statute suggested the catch-all provision may be meant to apply to nonsex crimes. See 294 Kan. at 88, 95. The court concluded the catch-all provision could be intended to apply to nonsex crimes or could be intended to apply to misdemeanors, pointing to more legislative history for the latter. The court concluded that because the legislative history with regard to the interaction between the listed crimes and the catch-all provision was not informative, the court must turn to the rule of lenity and construe the statutes in favor of the defendant. 294 Kan. at 96. The court ultimately held that a person who commits misdemeanor criminal sodomy is not required to register as a sex offender under either the list or the catch-all provision. 294 Kan. at 97; see K.S.A. 22-4902(c)(4), (c)(14).

*Application of* Coman *to this case.*

We turn now to the facts of Gallardo's case. Based on the holding in *Coman,* this court must hold the district court erred in requiring Gallardo to register as a sex offender under the catch-all provision at K.S.A. 22-4902(c)(14).

Here, Gallardo was convicted of unlawful sexual relations in violation of K.S.A. 21-3520(a)(1). At that time, K.S.A. 22-4902(a)(5)(F) defined any person convicted of unlawful sexual relations (as defined in K.S.A. 21-3520) as a sex offender as long as one of the parties involved was less than 18 years of age. It is undisputed that neither of the parties involved in Gallardo's case was under age 18. Furthermore, K.S.A. 22-4902(c) did not include the crime of unlawful sexual relations in its list of sexually violent crimes. Under *Coman,* then, the district court erred in determining Gallardo's crime fell under the catch-all provision of the statute and requiring him to register as a sex offender. See *In re D.R.,* No. 106,719, 2012 WL 2149896, at *2-4 (Kan. App. 2012) (unpublished opinion), where the court held that the district court erred in requiring the defendant to register as a sex offender under the catch-all provision where the crime of conviction (lewd and lascivious behavior) is already addressed at K.S.A. 2010 Supp. 22-4902(a)(5)(E).

Following the directions established by the Kansas Supreme Court in *Coman,* we reverse the district court's finding that Gallardo must register as a sex offender under K.S.A. 22-4902(c)(14) and vacate that portion of his sentence.