NOT DESIGNATED FOR PUBLICATION

No. 113,233

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON M. DAWSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed May 13, 2016.
Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin* and *Kyle Edelman*, assistant district attorneys, *Chadwick J. Taylor*, district attorney,
and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., BRUNS, J., and WALKER, S.J.

*Per Curiam*:  Brandon M. Dawson appeals the district court's denial of his motion
to correct an illegal sentence. He asserts that the district court should not have classified
two prior juvenile adjudications for conspiracy to commit burglary of a dwelling as
person felonies for the purposes of calculating his criminal history score. Specifically,
Dawson argues that K.S.A. 2013 Supp. 21-6811(g)—which is the part of the Kansas
Sentencing Guidelines Act (KSGA) that addresses the scoring of certain inchoate crimes
(solicitation, attempt, and conspiracy) for the purposes of determining a defendant's
criminal history—excludes juvenile adjudications. We disagree and conclude that after

1

considering the KSGA as a whole, the district court appropriately counted Dawson's prior juvenile adjudications for conspiracy to commit burglary of a dwelling as person felonies. Thus, we affirm.

FACTS

The facts of this case are undisputed. On July 11, 2013, Dawson pled guilty to attempted aggravated burglary—a person felony—and to theft of less than $1,000—a nonperson misdemeanor. A presentence investigation (PSI) report revealed that Dawson had a significant criminal history, including two in-state juvenile adjudications in 2006 for conspiracy to commit burglary of a dwelling. Accordingly, the PSI report suggested that he had a criminal history score of A.

At sentencing, Dawson's attorney stated on the record that his client had no objection to his criminal history score as reflected in the PSI report. As such, the district court sentenced Dawson to serve 34 months in prison for the attempted aggravated burglary conviction and imposed a concurrent 12-month sentence on the misdemeanor theft conviction. In addition, the district court imposed 12 months' postrelease supervision and ordered Dawson's sentence to run consecutive to a prior sentence imposed in an unrelated case. It appears from the record that Dawson did not file a direct appeal.

On October 10, 2014, Dawson filed a motion to correct an illegal sentence, arguing that the district court erroneously classified his two 2006 juvenile adjudications for conspiracy to commit burglary of a dwelling as person felonies for the purpose of calculating his criminal history score. Subsequently, the district court entered a memorandum decision denying Dawson's motion, citing K.S.A. 2013 Supp. 21-6811(g) for authority to score the two juvenile adjudications as person felonies and noting that such adjudications do not decay. Thereafter, Dawson filed a timely notice of appeal.

2

On appeal, Dawson contends that his two 2006 juvenile adjudications for conspiracy to commit burglary of a dwelling should not have been scored as person felonies because K.S.A. 2013 Supp. 21-6811(g)—which is part of the KSGA—permits a district court to consider the inchoate crimes of solicitation, attempt, and conspiracy in an offender's criminal history only if they result from an adult conviction rather than from a juvenile adjudication. Specifically, he argues that because the legislature omitted "a mechanism for how to score prior felony juvenile adjudications for conspiracy," they should have been scored as nonperson felonies. In response, the State contends that the statutory framework of the KSGA reflects that the legislature intended for juvenile adjudications to be scored in the same manner as adult convictions for the purpose of determining criminal history.

*Classification of Prior Juvenile Adjudications*

As a preliminary matter, we note that the Kansas Supreme Court has held that "[u]nder K.S.A. 22-3504(1), a defendant may challenge for the first time on appeal the classification of his or her prior convictions and/or the resulting criminal history score used to sentence him or her under the Kansas Sentencing Guidelines Act." *State v. Dickey*, 301 Kan. 1018, Syl. ¶ 3, 350 P.3d 1054 (2015); see K.S.A. 22-3504(1) ("The court may correct an illegal sentence at any time."). This is true even if the defendant failed to object to how the sentencing court classified his or her prior convictions. *State v. Luarks*, 302 Kan. 972, 975, 360 P.3d 418 (2015); *Dickey*, 301 Kan. at 1032. Consequently, we find that the issue presented by Dawson in this appeal is properly before us because it involves the classification of his prior convictions and the resulting criminal history score used by the district court to sentence him under the KSGA.

3

Turning to the merits of this appeal, whether a prior adjudication was properly classified as a person offense is a question of law over which we exercise unlimited review. *State v. Cordell*, 302 Kan. 531, 533-34, 354 P.3d 1202 (2015). Moreover, "[t]he most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained." *State v. Keel*, 302 Kan. 560, 572, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). In *Keel*, the Kansas Supreme Court stressed the importance of interpreting various provisions of the KSGA "in pari materia with a view of reconciling and bringing the provisions into workable harmony if possible." 302 Kan. 560, Syl. ¶ 7; see also *State v. Waggoner*, 51 Kan. App. 2d 144, 155-57, 343 P.3d 530, *rev. denied* 302 Kan. ___ (2015).

Accordingly, we find that it is appropriate to view the entire KSGA as a whole, and look

> "to the overall design and purpose of the [Act] and construing the Act according to its spirit and reason in order to determine whether the omission at issue is a reasonable indication that the matter excluded is irrelevant to the statutory scheme and the legislative intent, or whether the omission is actually a 'silence gap' that undermines—and introduces ambiguity into—other aspects of the Act." *Keel*, 302 Kan. at 573.

The KSGA clearly defines the term "criminal history" to include "an offender's criminal record of adult felony, class A misdemeanor, class B person misdemeanor or select misdemeanor convictions and *comparable juvenile adjudications* at the time such offender is sentenced." (Emphasis added.) K.S.A. 2015 Supp. 21-6803(c). Likewise, K.S.A. 2015 Supp. 21-6810(a) provides: "Criminal history categories contained in the sentencing guidelines grid are based on the following *types of prior convictions*: Person felony adult convictions, nonperson felony adult convictions, *person felony juvenile adjudications*, *nonperson felony juvenile adjudications . . . .*" (Emphasis added.)

4

Furthermore, K.S.A. 2013 Supp. 21-6811(f) provides that—subject to certain exceptions not material to the present case—"*juvenile adjudications will be applied in the same manner as adult convictions*. Out-of-state juvenile adjudications will be treated as juvenile adjudications in Kansas." (Emphasis added.) In addition, K.S.A. 2013 Supp. 21-6811(g) states: "A prior felony conviction of an attempt, a conspiracy or a solicitation . . . to commit a crime *shall be treated as a person or nonperson crime* in accordance with the designation assigned to the underlying crime." (Emphasis added.)

As Dawson points out, the term "juvenile adjudication" is not found in K.S.A. 2013 Supp. 21-6811(g). Of course, the term "adult conviction" is also not found in subsection (g). Instead, this subsection of the KSGA uses the generic term "prior felony conviction." According to Dawson, the omission of a specific reference to juvenile adjudications in subsection (g) means his two juvenile adjudications for conspiracy to commit burglary of a dwelling should be counted as nonperson crimes for the purpose of calculating his criminal history score. We disagree.

Perhaps it would have been better had the legislature specifically mentioned prior adult convictions and prior juvenile adjudications in K.S.A. 2013 Supp. 21-6811(g), as it has done elsewhere in the KSGA. Nevertheless, based on our review of the KSGA as a whole, we are persuaded that the legislature intended for both prior felony adult convictions and prior felony juvenile adjudications for an attempt, conspiracy, or solicitation to commit a crime to be considered for the purposes of determining an offender's criminal history score. Of course, whether a prior adult conviction or prior juvenile adjudication is ultimately scored as a person or nonperson crime is based on the designation assigned to the underlying crime at the time the current crime was committed. K.S.A. 2013 Supp. 21-6811(g); *Keel*, 302 Kan. at 573.

We believe our conclusion is consistent with the Kansas Supreme Court's holding in *Keel*, in which it held that "the legislature intended for *all prior convictions and*

5

*juvenile adjudications* . . . to be considered and scored for purposes of determining an offender's criminal history score." (Emphasis added.) 302 Kan. 560, Syl. ¶ 8. Specifically, our Supreme Court found it significant that the term "prior convictions" as used in the KSGA is defined in K.S.A. 1993 Supp. 21-4710(a)—now K.S.A. 2015 Supp. 21-6810(a)—to include prior "juvenile adjudications" as one of the many classifications to be included in an offender's criminal history score. 302 Kan. at 577. Furthermore, our Supreme Court found it significant that under K.S.A. 1993 Supp. 21-4710(d)(5) and (d)(6)—now K.S.A. 2015 Supp. 21-6810(d)(3)—prior juvenile adjudications for person felonies do not decay and should be considered as part of an offender's criminal history. 302 Kan. at 579.

We also believe our conclusion is consistent with the holding of this court in *Waggoner*, in which an offender argued that his prior juvenile adjudication for attempted aggravated battery was improperly scored as a person felony. In *Waggoner*, this court also looked to the provisions of the KSGA as a whole and rejected the defendant's argument, finding that "runs counter to the overall design and legislative purpose of the KSGA." 51 Kan. App. 2d at 155. In reaching this conclusion, this court recognized that "[w]hen construing statutes to determine legislative intent, appellate courts must consider various provisions of an act in pari materia with a view of reconciling and bringing the provisions into workable harmony if possible." 51 Kan. App. 2d at 157 (citing *State v. Coman*, 294 Kan. 84, 93, 273 P.3d 701 [2012]). Moreover, this court in *Waggoner* noted that "courts must construe statutes to avoid unreasonable or absurd results . . . ." 51 Kan. App. 2d at 157.

If we could not ascertain the legislature's intent from the language of the KSGA, we would next look to the legislative history before turning to the rule of lenity. See *Coman*, 294 Kan. at 95-96; see also *State v. Gallardo*, 48 Kan. App. 2d 756, 759, 300 P.3d 89 (2013). Briefly looking to the legislative history of the KSGA, we note that the language found in K.S.A. 2013 Supp. 21-6811(g) was added in the 1994 legislative

6

session. L. 1994, Ch. 291, sec. 55. According to a Summary of Legislation, published by the Legislative Research Department, what is now subsection (g) was meant to "[c]larify that an attempt, conspiracy, or solicitation of a person crime is also a person crime for criminal history purposes." 1994 Kansas Legislature Summary of Legislation, Senate Sub. for H.B. 2332, p. 117. Although the legislative history does not provide us with a great deal of guidance, we find nothing to suggest that the legislature intended to exclude prior juvenile adjudications for these inchoate crimes in calculating an offender's criminal history score.

*Scoring of Dawson's Prior Juvenile Adjudications*

Turning to Dawson's prior juvenile adjudications for conspiracy to commit burglary of a dwelling, we note:

> "(d) Prior burglary adult convictions and juvenile adjudications will be scored for criminal history purposes as follows:
>
> > (1) As a prior person felony if the prior conviction or adjudication was classified as a burglary as defined in subsection (a) of K.S.A. 21-3715, prior to its repeal, or subsection (a)(1) of K.S.A. 2013 Supp. 21-5807, and amendments thereto.
> >
> > (2) As a prior nonperson felony if the prior conviction or adjudication was classified as a burglary as defined in subsection (b) or (c) of K.S.A. 21-3715, prior to its repeal, or subsection (a)(2) or (a)(3) of K.S.A. 21-5807, and amendments thereto.
>
> "The facts required to classify prior burglary adult convictions and juvenile adjudications shall be established by the state by a preponderance of the evidence." K.S.A. 2013 Supp. 21-6811(d).

7

Here, it is undisputed that Dawson was adjudicated as a juvenile in 2006 of conspiracy to commit burglary of a dwelling. Because the "dwelling" element was established in the prior juvenile adjudications, the district court simply had to identify the statutory elements that existed in 2006. See *Luarks*, 302 Kan. at 977-78; *Dickey*, 301 Kan. at 1037-38. In doing so, the district court appropriately found that the Kansas statutes in effect in 2006 provided that a defendant could commit a burglary by "entering into or remaining within . . . [a b]uilding, manufactured home, mobile home, tent or other structure which is a dwelling, with intent to commit a felony, theft or sexual battery therein." K.S.A. 21-3715 (Furse). Likewise, Dawson's juvenile adjudications for conspiracy to commit burglary would constitute a person felony if he committed the crime as an adult. See K.S.A. 2012 Supp. 21-5302(d)(1); K.S.A. 2012 Supp. 21-5807(c)(1)(A). Thus, we find that the district court properly classified Dawson's prior juvenile adjudications for conspiracy to commit a burglary of a dwelling as a person felony for the purposes of determining his criminal history score under the KSGA.

We also note that interpreting K.S.A. 2013 Supp. 21-6811(g) as Dawson suggests would, in effect, allow prior felony juvenile adjudications for an attempt, a solicitation, or a conspiracy to decay. As recognized by the Kansas Supreme Court in *Keel*, however, such a result would be inconsistent with the provisions of the KSGA that provide that prior juvenile adjudications for person felonies do not decay. See 302 Kan. at 579; see also K.S.A. 2013 Supp. 21-6810(d)(3)(B). Thus, we find that this would be the type of unreasonable or absurd result that courts are to avoid.

Certainly, there are instances in which juvenile adjudications are treated differently from adult convictions. But this is not one of those instances. In enacting the KSGA, the legislature expressly provided a definition of what constitutes "prior convictions" for the purposes of determining an offender's criminal history score that includes juvenile adjudications. K.S.A. 2013 Supp. 21-6810(a). This, combined with the other language of the KSGA mentioned above, leads us to the conclusion that the

adoption of Dawson's argument "would clearly frustrate the intent of the legislature." *State v. Lanning*, 260 Kan. 815, 819, 925 P.2d 1145 (1996). We, therefore, conclude that the district court did not err by including Dawson's prior juvenile adjudications for conspiracy to commit burglary of a dwelling in his criminal history score.

Affirmed.

* * *

ATCHESON, J., concurring:  I agree that Defendant Brandon Dawson's two juvenile adjudications for conspiracy to commit burglary of a residence must be scored as person felonies in establishing his criminal history in this case. But I would take a more direct route to that result than does the majority.

Dawson argues that K.S.A. 2013 Supp. 21-6811(g) requires that those adjudications be treated as nonperson felonies, thus lowering his criminal history and reducing the presumptive guidelines sentence for the attempted aggravated burglary to which he pleaded guilty. In pertinent part, K.S.A. 2013 Supp. 21-6811(g) states:  "A prior felony conviction of an attempt, a conspiracy or a solicitation . . . to commit a crime shall be treated as a person or nonperson crime in accordance with the designation assigned to the underlying crime." No other subsection of K.S.A. 2013 Supp. 21-6811 addresses how attempts, conspiracies, or solicitations should be treated for criminal history purposes. Seizing on that omission, Dawson contends K.S.A. 2013 Supp. 21-6811(g) deals only with convictions, meaning the disposition of criminal charges. So, he says, juvenile adjudications aren't included. In turn, juvenile adjudications for attempts, conspiracies, and solicitations necessarily should be considered nonperson felonies in determining criminal histories regardless of the underlying offenses.

There is at least some force to Dawson's argument. Most other subsections of K.S.A. 2013 Supp. 21-6811 refer to "adult convictions" in tandem with "juvenile

9

adjudications," and a few mention "convictions" and "adjudications." The lack of parallel terminology in K.S.A. 2013 Supp. 21-6811(g) could signal a legislative intent to omit juvenile adjudications from that subsection. In Dawson's construction of the statute, then, the legislature simply omitted any reference to adjudications for attempts, conspiracies, and solicitations. Dawson submits the default in the absence of explicit legislative guidance is to treat a past conviction or adjudication as a nonperson felony for criminal history purposes. And there is some force to that, as well. See K.S.A. 2013 Supp. 21-6810(d)(6) (unclassified felonies and misdemeanors scored as nonperson crimes for criminal history purposes); K.S.A. 2013 Supp. 21-6811(e) (out-of-state convictions for crimes without analog in Kansas Criminal Code classified as nonperson crimes).

But the argument hinges on a legislative omission leaving juvenile adjudications for attempts, conspiracies, and solicitations unaddressed for criminal history purposes. I am disinclined to find an inadvertent gap when a statutory scheme can be reasonably construed to avoid an implication the legislature simply overlooked some otherwise fairly obvious or recurrent situation that logically ought to be addressed. See Scalia & Garner, Reading Law:  The Interpretation of Legal Texts, pp. 167-68 (2012) (whole of pertinent statutory text should be consulted in construing language). That approach is consistent with the cardinal directive for courts to discern and effectuate the legislative intent from the statutory language if at all possible without doing violence to the plain words the legislature has chosen. See *Northern Natural Gas Co. v. ONEOK Field Services Co*., 296 Kan. 906, 918, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013); *State v. Schreiner*, 46 Kan. App. 2d 778, 784, 264 P.3d 1033 (2011), *rev. denied* 296 Kan. 1135 (2013). In doing so, courts may read together various parts of a single statute or coordinate statutes. See *State v. Hobbs*, 301 Kan. 203, 210-11, 340 P.3d 1179 (2015) (court may consider parts of an act in pari materia "with [a] view to reconciling [and] bringing [the] provisions into workable harmony"). This is such a circumstance.

10

The Kansas Legislature amended the predecessor to K.S.A. 2013 Supp. 21-6811 in 1994 to add subsection (g). See L. 1994, ch. 291, sec. 55. The operative language of subsection (g) has since remained the same. At the time of the amendment, the predecessor statute already contained subsection (f) that, in part, provides: "[J]uvenile adjudications will be applied in the same manner as adult convictions." Thus, the legislature had already expressly stated in the statute governing determination of criminal histories that adjudications were to be treated the same as convictions. Accordingly, it was unnecessary for the legislature to include an explicit reference to adjudications in subsection (g), since subsection (f) mandated equivalent treatment for criminal history purposes. Reading the two subsections together, there is no omission or oversight. Juvenile adjudications for attempts, conspiracies, and solicitations are to be scored the same way as adult convictions. And K.S.A. 2013 Supp. 21-6811(g) provides that an attempt, conspiracy, or solicitation will be treated as a person felony or a nonperson felony using the designation of the underlying criminal action. Lawson's adjudications, therefore, should be scored as person felonies.[*]

> [*]K.S.A. 2013 Supp. 21-6811(f) contains several exceptions for certain juvenile adjudications that "decay" for criminal history purposes, *i.e*., are no longer scored after a lapse of time. Those exceptions do not come into play here. See K.S.A. 2013 Supp. 21-6810(d)(3)(B) (juvenile adjudication for offense that would be person felony if committed by adult does not decay).

> The phrase "will be applied" used K.S.A. 2013 Supp. 21-6811(f) does not otherwise appear in that statute. But it is synonymous with "classifying," "determining," "counted," and "scored" that appear elsewhere in K.S.A. 2013 Supp. 21-6811 to mean the process of figuring out a defendant's criminal history based on his or her past convictions and adjudications.

Finally, I would observe that this case and the question of statutory interpretation it presents have been made considerably more complicated than they should have been

because of the way K.S.A. 2013 Supp. 21-6811 has been drafted. The statute repeatedly uses different words and phrases that necessarily are supposed to mean the same thing. Although that sort of variety might heighten readers' enjoyment of literary works, it confounds the task of courts in construing statutes. Typically, courts presume a particular word or phrase carries the same meaning throughout a statute and, conversely, different words or phrases convey different meanings. See *State ex rel. Brant v. Bank of America*, 272 Kan. 182, 188, 31 P.3d 952 (2001) ("Ordinarily . . . identical words or terms used in different statutes on a specific subject are interpreted to have the same meaning absent anything in the context to suggest that a different meaning was intended."); *State v. Robinson*, 261 Kan. 865, 875, 934 P.2d 38 (1997) (courts presume legislature intended different meanings when using different words in a single enactment); accord *Law v. Siegel*, 571 U.S. ___, 134 S. Ct. 1188, 1195, 188 L. Ed. 2d 146 (2014) (applying ""normal rule of statutory construction"" recognizing that "words repeated in different parts of the same statute generally have the same meaning"). Unfortunately, K.S.A. 2013 Supp. 21-6811 manages to ignore those conventions and confound those presumptions.