(973 P.2d 802)

No. 77,969

STATE OF KANSAS, *Appellee*, v. GREGORY A. LOPEZ, *Appellant*.

Opinion filed December 31, 1998.

*Lisa Nathanson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before RULON, P.J., PIERRON and MARQUARDT, JJ.

PIERRON, J.: Gregory A. Lopez appeals the district court's order that he register in accordance with the Kansas Sex Offender Registration Act (KSORA, K.S.A. 22-4902 *et seq.*). He argues his crime of attempted aggravated burglary does not fall within the provisions of the KSORA.

This court recently addressed the KSORA in *State v. Patterson*, 25 Kan. App. 2d 245, 963 P.2d 436 (1998); there the defendant pled guilty to burglary, theft, and possession of marijuana. When police officers searched the defendant's house, they opened a locked cabinet and found numerous pornographic materials and 11 items of women's thong underwear belonging to defendant's next door neighbor. The *Patterson* court affirmed the trial court's ruling that defendant's theft of the underwear while burglarizing the victim's home was sexually motivated under K.S.A. 22-4902(b)(12), and he was properly ordered to register under the KSORA.

We must decide whether the district court's ruling that Lopez' crime was sexually violent is supported by substantial competent evidence. See *Patterson*, 25 Kan. App. 2d at 247. Under K.S.A. 22-4902(b)(12), Lopez is guilty of a sexually violent crime if he committed "any act which at the time of sentencing for the offense has been determined beyond a reasonable doubt to have been sexually

motivated." Under the statute, " 'sexually motivated' means that one of the purposes for which the defendant committed the crime was for the purpose of the defendant's sexual gratification." K.S.A. 22-4902(b)(12). Furthermore, an attempt, conspiracy, or criminal solicitation of a sexually violent crime also qualifies as a sexually violent crime under K.S.A. 22-4902(b)(11).

The district court's finding that Lopez' crime was a sexually violent crime is supported by the evidence. Lopez pled guilty to a charge of attempted aggravated burglary with the underlying felony being the intent to commit a sexual battery. The victim testified she awoke in the middle of the night to find Lopez naked, standing over her. They were apparently not acquainted. There was substantial competent evidence to require Lopez to register under the KSORA.

We also agree with the State that Lopez' claims of a violation of his right to be free of ex post facto laws is not implicated. First, he did not raise this issue with the trial court. "When constitutional grounds are asserted for the first time on appeal, they are not properly before [the appellate court] for review." *State v. Shears*, 260 Kan. 823, Syl. ¶ 8, 925 P.2d 1136 (1996). Second, the express statutory language of the KSORA permits registration for offenders who are convicted of attempted sexually violent crimes, which under K.S.A. 22-4902(b)(12) includes sexually motivated crimes. Lopez' registration is not a judicial enlargement of a criminal statute.

After thorough consideration of the arguments raised on appeal and review of the entire record, Lopez' conviction is affirmed.

Affirmed.