Atcheson, J.,
concurring: Although I concur in Judge Hill’s decision, I do so with respect to the scope of Defendant Joshua Walker’s notice of appeal only because the Kansas Supreme Court’s recent rulings in State v. Laurel, 299 Kan. 668, 673-74, 325 P.3d 1154 (2014), and State v. Coman, 294 Kan. 84, 90, 273 P.3d 701 (2012), dictate that result. But those decisions blend parts of the Kansas Code of Criminal Procedure governing appeals with parts of the Kansas Code of Civil Procedure in a way that negates statutory protections intended to keep criminal defendants from forfeiting appellate issues because of how they phrase their notices. I cannot reconcile the statutoiy language in the same way. Absent Üiose decisions, I would be disposed to find that Walker ought to be allowed to proceed with die substantive issues he has raised on appeal challenging his trial and conviction rather than just his sentence. As to the sentencing argument we have reviewed on the merits, I agree Walker is entitled to no relief.
The notice-of-appeal issue is framed simply enough. Walker’s notice stated he was appealing to the Court of Appeals from “die sentencing” in the district court. In Coman, the defendant also stated in the notice only that he appealed from the sentence. The court held he could not assert any issues bearing on the conviction itself: “[Ojne simply cannot construe a notice that appellant is appealing his or her sentence to mean that he or she is appealing the conviction.” 294 Kan. at 90. The court cited K.S.A. 60-2103(b), a statute facially applying to civil appeals.[*]
*907 A survey of the applicable statutes stakes the metes and bounds. In K.S.A. 60-2101(a), tire legislature generally distinguished between civil and criminal appeals to the Court of Appeals. The statute provides that appeals in criminal cases shall be subject to the provisions of K.S.A. 22-3601 and K.S.A. 22-3602, as amended, and civil actions shall be subject to K.S.A. 60-2102, as amended.
K.S.A. 2013 Supp. 22-3602(a) expressly governs appeals by criminal defendants and, in pertinent part, provides: “Except as otherwise provided, an appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed.” The statute also generally precludes defendants from appealing convictions from pleas of guilty or no contest — a limitation that is factually irrelevant here.
K.S.A. 22-3606 provides: “Except as otherwise provided by statute or rule of the supreme court, the statutes and rules governing procedure on appeals to an appellate court in civil cases shall apply to and govern appeals to an appellate court in criminal cases.”
K.S.A. 2013 Supp. 60-2103(b), in pertinent part, provides: “The notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from, and shall name the appellate court to which the appeal is taken.” To the extent K.S.A. 2013 Supp. 60-2103(b) supplements K.S.A. 2013 Supp. 22-3602(a), it does so simply to require that a notice of appeal identify the party appealing and the court to which the appeal is taken. It does not alter the language in K.S.A. 2013 Supp. 22-3602(a) requiring that a criminal defendant appeal from a judgment or the legal effect of doing so.
Applying the language in K.S.A. 2013 Supp. 22-3602(a), criminal defendants may appeal from “any judgment”' against them. The appeal, however, automatically includes for review “any decision *908 . . . or . . . order made in the progress of the case.” The subsidiary decisions and orders need not be identified in the notice. Basically, the statute is designed to protect against precisely what has happened in this case and what the court permitted in Coman. If a criminal defendant files a notice of appeal, he or she should not be divested of potential issues because the notice itself has been infelicitously phrased. So long as the notice identifies a judgment, every ruling in the case, at least up to the point of that judgment, is in play on appeal. A plain reading of the language really extends the appeal to every ruling or decision.
The result, of course, is not nearly as chaotic as it might seem at first. The notice simply provides the triggering mechanism for the appeal. A defendant must then fairly quicldy make a nonbinding specification of issues in the docketing statement. And a defendant’s opening brief necessarily cements the election of issues. The State then has ample time to respond in its own brief to the precise issues the defendant has asserted and may, if necessary, supplement the appellate record to do so. In short, a generic designation in or construction of a defendant’s notice of appeal conforms to the statute and confers no tactical advantage. Or looked at from the other side of the proceedings, it imposes no prejudice on the State. The court recognized as much in State v. Boyd, 268 Kan. 600, 606-07, 999 P.2d 265 (2000), as Judge Hill points out.
In this case, the State doesn’t suggest it was materially or even incidentally prejudiced in responding to the alleged trial errors Walker has briefed on appeal. The State has fully and ably answered them as an alternative ground for affirming the final judgment.
At its core, K.S.A. 2013 Supp. 22-3602(a) is supposed to prevent a criminal defendant from being stripped of potential appellate issues because of a deficiency in the wording of a timely filed notice of appeal, especially absent demonstrable prejudice to the State. But that purpose has been thwarted here and in Coman by applying K.S.A. 2013 Supp. 60-2103(b), a statute governing civil appeals. (All of the other subsections of K.S.A. 2013 Supp. 60-2103 could apply only to civil'litigation.) By its express terms, K.S.A. 2013 Supp. 60-2103(b) requires a litigant to specify in the notice of ap *909 peal the judgment “or part thereof’ to be reviewed in the appellate court. The statute, then, plainly contemplates that a civil litigant may use the notice of appeal to designate the orders, rulings, and judgments to be reviewed. Given the complexity of some civil actions, that makes sense. There may be rulings on partial summaiy judgment eliminating claims or parties the appellant no longer particularly cares about. In a multiparty action, some of the parties may have settled following a jury verdict with posttrial motions awaiting ruling, further curtailing the scope of an appeal. There are all kinds of permutations that would cause a civil litigant to want to limit an appeal from the outset. That simply wouldn’t be true of the vast majority of criminal defendants.
Not to dwell on the obvious, civil judgments typically assess money damages or impose injunctive or other equitable relief. Convicted criminal defendants typically face the loss of their liberty and of important civil rights, such as voting and holding elective office. Our judicial process has always placed an especially high premium on preventing the wrongful deprivation of a citizen’s liberty. That is reflected in the stringent burden of proof imposed on the State to convict and the requirement for a unanimous jury verdict of guilt, among other procedural protections afforded criminal defendants — protections that do not carry over to civil litigation. The protective language in K.S.A. 2013 Supp. 22-3602(a) regulating appeals in criminal cases is another manifestation of that public policy.
So the bridge between the broad preservation of issues in criminal appeals set forth in K.S.A. 2013 Supp. 22-3602(a) and the allowance for limited notices of appeal in civil cases set forth in K.S.A. 2013 Supp. 60-2103(b) isn’t readily apparent. Neither Co-man nor Laurel maps it for us.
One possibility is K.S.A. 22-3606. It says statutes governing civil appeals apply in criminal cases “except as otherwise provided.” But applying K.S.A. 2013 Supp. 60-2103(b) to allow notices of criminal appeals to specify parts of judgments contravenes both the language and the puxpose of K.S.A. 2013 Supp. 22-3602(a): Criminal appeals aren’t supposed to be formally and irrevocably limited to specific points or parts of judgments until the defendant files his *910 or her opening brief. And construing K.S.A. 22-3606 as a legislative gateway for limited notices of appeal in criminal cases imputes to the legislature an exceptionally roundabout and obscure way of accomplishing something that could be done direcdy in K.S.A. 2013 Supp. 22-3602(a) by including language to that effect. For example, the legislature could have said “the appeal may be taken ... as a matter of right from any judgment or any part thereof against the defendant in the district court.” But the legislature didn’t. The better reading of K.S.A. 22-3606 would recognize K.S.A. 2013 Supp. 22-3602(a) as the exception otherwise precluding application of that portion of K.S.A. 2013 Supp. 60-2103(b) authorizing appeals from parts of judgments in civil cases and, instead, incorporating only those prosaic requirements that a notice identify the appellant and tire appellate court.
Moreover, if a criminal defendant’s notice of appeal identifies a judgment, rather than part of a judgment, K.S.A. 2013 Supp. 22-3602(a) necessarily preserves all of the district court’s decisions and orders for review. Nothing in K.S.A. 2013 Supp. 60-2103(b) changes that language or that result.
A second possible bridge is the introductory phrase “except as otherwise provided” in K.S.A. 2013 Supp. 22-3602(a) itself. But that language seems an equally unlikely source for the holding in Coman for the same reasons. Although the purpose of that phrase isn’t wholly clear, it more naturally would refer to die procedures in K.S.A. 2013 Supp. 22-3602(e) governing the transfer of appeals and appeals of right involving constitutional questions than it would to K.S.A. 2013 Supp. 60-2103(b).
If the statutes were applied as written, K.S.A. 2013 Supp. 22-3602(a) ought to control here, so an appeal from a judgment would preserve for review any and all district court determinations made in the case. Assuming the imposition of sentence amounts to a judgment, that would give sufficiently broad legal effect to Walker’s notice of appeal to preserve the trial issues he has briefed. The statutes governing criminal proceedings aren’t a model of clarity on the point, but they indicate sentencing is a judgment. Conviction upon a plea or verdict is considered a judgment. See K.S.A. 2013 Supp. 22-3426(a) (referring to “conviction or other judg *911 ment” in outlining the contents of the form of judgment or journal entry). But there is no final judgment until sentence has been pronounced. See K.S.A. 2013 Supp. 22-3501 (motion for new trial based on newly discovered evidence may be filed up to 2 years after “final judgment”). Sentencing is a necessary step between a judgment of conviction and a final judgment. As provided in K.S.A. 21-4609, “[wjhen a person is sentenced to imprisonment. . . , the judgment of the court shall order that such person be committed ... to the custody of the secretary of corrections.” That language seems to treat sentencing as a judgment. And the Kansas appellate courts at least occasionally refer to a “judgment of sentence.” See, e.g., State v. Graham, 272 Kan. 2, 3-4, 30 P.3d 310 (2001); Wilkerson v. State, 38 Kan. App. 2d 732, 734, 171 P.3d 671 (2007); State v. Lucas, No. 104,298, 2011 WL 781523, at *1 (Kan. App.) (unpublished opinion), rev. denied 292 Kan. 968 (2011); but see State v. Wilkins, 269 Kan. 256, 270, 7 P.3d 252 (2000) (court accepts defense counsel’s representation that “judgment of sentence” in notice of appeal was typographical error and “judgment and sentence” was actually intended). Common legal usage treats the imposition of sentence as a judgment. See Black’s Law Dictionary 1569 (10th ed. 2014) (defining “sentence” as “[t]he judgment that a court formally pronounces after finding a defendant guilty”); accord United States v. Wyss, 744 F.3d 1214, 1215 (10th Cir. 2014); United States v. Colasuonno, 697 F.3d 164, 172 n.3 (2d Cir. 2012).
At least before Coman, a notice of appeal identifying the sentencing would be sufficient to perfect an appeal of any district court decision or order in the case. The general statutory language and the caselaw strongly suggest sentencing is, in fact, a judgment, so the plain language of K.S.A. 2013 Supp. 22-3602(a) would preserve those rulings for review. Even if sentencing weren’t technically a judgment, the statutes and the caselaw, nonetheless, would support a finding that identifying sentencing alone in the notice ought to be given a liberal construction, thus satisfying K.S.A. 2013 Supp. 22-3602(a) in the absence of directly contrary authority. See Wilkins, 269 Kan. 256, Syl. ¶ 9. And if those arguments were found legally unavailing, a defendant could have sought a late appeal under tire third Ortiz exception on tire grounds that identifying only *912 the sentencing, something less than a judgment, in the initial notice failed to perfect an appeal under K.S.A. 2013 Supp. 22-3602(a). See State v. Patton, 287 Kan. 200, Syl. ¶ 3, 195 Kan. P.3d 753 (2008) (late appeal permitted when criminal defendant: (1) not informed of right to appeal; (2) not furnished lawyer to perfect appeal; or (3) provided lawyer who fails to perfect an appeal); State v. Ortiz, 230 Kan. 733, 735-36, 640 P.2d 1255 (1982). The filing of a defective notice of appeal would establish the requisite intent to appeal allowing relief under Ortiz. See Patton, 287 Kan. at 225. A lawyer’s failure to file a legally effective notice of appeal evinces the same kind of ineffective representation as filing none at all, since both confound the client’s stated desire to appeal.
But Coman forecloses those outcomes. And tire notice of appeal in this case was filed 3 months after Coman.
In my view, the legislature intended that a criminal defendant timely filing a notice of appeal retain the flexibility to then assert as error any order or decision of tire district court. And K.S.A. 2013 Supp. 22-3602(a) does just that. But Coman and Laurel negate the statutory purpose and language of K.S.A. 2013 Supp. 22-3602(a) by mistakenly relying on K.S.A. 2013 Supp. 60-2103(b) to limit the scope of criminal appeals. Walker should not be deprived of appellate review of his claimed trial errors.
In closing, I make a couple of additional observations. First, especially after Coman, lawyers filing notices of appeal for criminal defendants should use only sweepingly generic language. Thus, the notice might say appeal is taken from the judgment of conviction, tlie sentence, the final judgment, and each and every decision and order of the district court adhering in those determinations or otherwise made in the progress of the case. The breadth of that kind of language may be exceeded only by its opacity. But the law requires nothing more, and Coman demands nothing less.
After Coman, the failure to use broad language in a notice of appeal or actually referring only to sentencing or a judgment of sentence in all likelihood falls below the standard of representation required under the Sixth Amendment to the United States Constitution. If the mistake were to prevent review of an otherwise *913 meritorious point on appeal, a defendant would have a basis to collaterally attack his or her conviction and final judgment.
Finally, I wade into the debate between my colleagues over the propriety of amended notices of appeal only to say that a criminal defendant undoubtedly could file a successive notice expanding the scope of the issues so Iong as it was done during the 14-day period to appeal following judgment. K.S.A. 2013 Supp. 22-3608(c) (defendant has “14 days after the judgment of the district court to appeal”). The filing of an initial notice does not extinguish the remainder of the 14 days. But Walker has presented no argument as to the efficacy of his amended notice (filed more than a year out of time) in response to the State’s position that the original notice limited appellate review to the sentencing issue. For that reason, I venture no further in this case except to point out that a broadly worded notice filed in the first instance would have obviated tire need for an amendment.
* ⅜ *

 Tlie court also quoted State v. Huff, 278 Kan. 214, Syl. ¶ 2, 92 P.3d 604 (2004), for the “ ‘fundamental proposition’ ” that “ ‘an appellate court obtains jurisdiction over the rulings identified in the notice of appeal.’ ” Nobody would dispute that a timely notice of appeal is jurisdictional and that appellate courts may review only issues raised in conformity with the governing statutes. The Huff decision, however, dealt with the efficacy of a State’s appeal. The statutory provisions for appeals by the State in criminal cases are considerably more limiting *907 and intricate than those for defendants, as Laurel points out. 299 Kan. at 675. As I discuss, the statute directly governing issues preserved in a criminal defendant’s notice of appeal is quite expansive. So decisions construing State’s appeals or civil appeals aren’t especially apt here.