NOT DESIGNATED FOR PUBLICATION

No. 109,900

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CLIFTON S. KLINE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Bourbon District Court; MARK ALAN WARD, judge. Opinion on remand filed January 8, 2016. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Terri L. Johnson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., PIERRON and GREEN, JJ.

*Per Curiam*: In November 2012, a jury found Clifton S. Kline guilty of aggravated battery and aggravated assault. In October 2014, the Kansas Court of Appeals affirmed his convictions in *State v. Kline*, No. 109,900, 2014 WL 5312862 (Kan. App. 2014) (unpublished opinion). However, in October 2015, the Kansas Supreme Court, granted review, summarily vacated in part, and remanded the matter for the Court of Appeals to reconsider the district court's jury instruction defining "knowingly" in light of *State v. Hobbs*, 301 Kan. 203, 213, 340 P.3d 1179 (2015).

1

The issue for our reconsideration is whether the trial court's error in failing to give the jury the appropriate definition that Kline "knowingly" committed aggravated battery entitles him to a new trial. Based on *Hobbs*, 301 Kan. at 213, for a knowing aggravated battery, the State must prove that the defendant "acted while knowing that some type of great bodily harm or disfigurement of another person was reasonably certain to result from the defendant's action." In this case, Kline originally claimed the trial court failed to instruct the jury with the appropriate definition:  that Kline acted knowing great bodily harm was reasonably certain to result.

Although Kline did not object to the instruction, we may review for clear error. See K.S.A. 2011 Supp. 22-3414(3); *State v. Williams*, 295 Kan. 506, Syl. ¶ 3, 286 P.3d 195 (2012). We first determine whether the instruction was appropriate, a legal question subject to unlimited review. If the trial court erred, then we next consider a reversibility inquiry. 295 Kan. 506, Syl. ¶¶ 4-5.

The trial court's instruction on the definition of a knowing aggravated battery was erroneous because it was not legally correct. See *Williams*, 295 Kan. 506, Syl. ¶ 4 (The designation of "error" encompasses an instruction that is not legally appropriate); *State v. Plummer*, 295 Kan. 156, 161, 283 P.3d 202 (2012) (An instruction that does not accurately state the applicable law would be legally infirm.). The Kansas Supreme Court recently held:

> "Harmonizing K.S.A. 2011 Supp. 21-5413(b)(1)(A) and K.S.A. 2011 Supp. 21-5202(f), (g), and (i) to the greatest extent possible—see *State v. Coman*, 294 Kan. 84, 93, 273 P.3d 701 (2012) (court considers provisions of an act in pari materia with view to reconciling, bringing provisions into workable harmony); *State v. Frierson*, 298 Kan. 1005, 1012, 319 P.3d 515 (2014) (court assumes legislature does not intend to enact useless, meaningless legislation)—leads us to conclude that the legislature does not intend for 'general intent' to necessarily mean what it once did and that 'knowingly,' as used in K.S.A. 2011 Supp. 21-5413(b)(1)(A), means that the accused acted when he or

2

she was aware that his or her conduct was reasonably certain to cause the result. This does not mean that the accused must have foreseen the specific harm that resulted. Instead, it is sufficient that he or she acted while knowing that any great bodily harm or disfigurement of the victim was reasonably certain to result from the action." *Hobbs*, 301 Kan. at 210-11.

The trial court gave three separate aggravated battery instructions in this case. The severity level 4 aggravated battery instruction (No. 14) stated:

"In Court II, the defendant is charged with the crime of Aggravated Battery. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. The defendant knowingly caused great bodily harm to or disfigurement of Nancy Lee White; and

"2. This act occurred on or about the 19th day of August, 2011, in Bourbon County, Kansas.

"Knowingly or With Knowledge means:

"A defendant acts knowingly when the defendant is aware of the nature of his conduct that the State complains about."

The second and third aggravated battery instructions (Nos. 15 and 16) (lesser included instructions) given to the jury stated respectively in relevant part:

"If you do not agree that the defendant is guilty of the Aggravated Battery charged as instructed in instruction 14, you should then consider the lesser included offense of Aggravated Battery. . . .

. . . .

"1. The defendant knowingly caused bodily harm to Nancy Lee White with deadly weapon:  to-wit, a bat in any manner whereby great bodily harm, disfigurement or death can be inflicted; . . .

. . . .

"[definitions of deadly weapon and Knowingly or With Knowledge]."

3

"If you do not agree that the defendant is guilty of the Aggravated Battery charged as instructed in instruction 15, you should then consider the lesser included offense of Aggravated Battery. . . .

. . . .

"1. The defendant knowingly caused physical contact with Nancy Lee White in a rude, insulting or angry manner with a deadly weapon, to-wit; a bat, in any manner whereby great bodily harm, disfigurement or death can be inflicted; .

. . . . .

"[definitions of deadly weapon and Knowingly or With Knowledge]."

K.S.A. 2011 Supp. 21-5202(i) provides the applicable culpability definition for this case:

"(i) A person acts 'knowingly,' or 'with knowledge,' with respect to the nature of such person's conduct or to circumstances surrounding such person's conduct when such person is aware of the nature of such person's conduct or that the circumstances exist. A person acts 'knowingly,' or 'with knowledge,' with respect to a result of such person's conduct when such person is aware that such person's conduct is reasonably certain to cause the result. All crimes defined in this code in which the mental culpability requirement is expressed as 'knowingly,' 'known,' or 'with knowledge' are general intent crimes."

The trial court's instruction on the definition of "knowingly"—"Knowingly or With Knowledge means:  A defendant acts knowingly when the defendant is aware of the nature of his conduct that the State complains about" was incorrect based on *Hobbs*. While that ends the discussion on the question of whether the instruction was legally correct, we are not convinced the error changed the outcome of the trial.

Once we find error, we then consider a "reversibility inquiry." For an instruction error not objected to, the standard is clearly erroneous. See K.S.A. 2011 Supp. 22-3414(3); *Williams*, 295 Kan. at 51-16. The reversibly inquiry "'assesses whether it is

4

firmly convinced that the jury would have reached a different verdict had the instruction error not occurred. The party claiming a clearly erroneous instruction maintains the burden to establish the degree of prejudice necessary for reversal.' *Williams*, 295 Kan. 506, Syl. ¶ 5." *State v. Smyser*, 297 Kan. 199, 204, 299 P.3d 309 (2013); see *State v. Trujillo*, 296 Kan. 625, 631, 294 P.3d 281 (2013); *State v. Berney*, 51 Kan. App. 2d 719, 722, 353 P.3d 1165 (2015).

Kline argues since the jury was only instructed that he be aware of the nature of his conduct, the jury could interpret this to mean that Kline need only be aware that he was swinging a bat. Kline argues the aggravated battery statute requires that he was aware that his conduct was reasonably certain to cause great bodily harm, bodily harm, or physical contact. Kline claims this constitutes reversible error because the jury could have concluded he did not knowingly cause great bodily harm because he only swung the bat at Nancy White to prevent her from completing a call to the police. Consequently, the jury could have returned a verdict on a lesser offense that he knowingly caused physical contact.

We again review several critical portions of the trial testimony. Kline testified he saw White on her cell phone and he assumed she was calling the police. He became extremely upset, picked up a baseball bat that was on the ground, and swung it at White. Kline claimed he had no intention of hitting White in the head and was only trying to prevent her from completing the phone call. Kline testified he had been drinking and had been in a car wreck and did not want the police around.

Kelli (Kline's wife, although divorce in process at time of incident) testified that she saw Kline pick up the bat but did not see him hit White because she was looking down at the time. However, White started screaming after Kline struck her in the head and Kelli stepped between Kline and White. Kelli testified Kline then swung the bat at her, but she caught it and held on "with everything [she] had."

5

At the scene, Bourbon County Deputy Sheriff Michael Feagins saw Kelli kneeing on the ground next to White. Kelli told Deputy Feagins that Kline had struck White in the head with a bat. Deputy Feagins could see White had been vomiting and she had injuries on the left side of her jaw and ear. The bat used to strike White had White's blood on it. Deputy Feagins later interviewed White. White remembered that when Kline came back to the house, he approached her and told her to mind her own business. He then struck her in the head with a bat. She did not remember anything after being hit.

Several witnesses testified to phone calls between Kline and Kelli after Kline had been taken into custody. In a phone call on September 17, 2011, Kline told Kelli, "That fucking bitch being there made me furious" and also said, "If I was trying to kill her, I would have hit her twice."

The State's theory at trial was that Kline intentionally struck White with the bat to cause great bodily harm. On the other hand, Kline argues he picked up the bat and swung at White only intending to hit the phone and prevent her from completing the phone call to the police. Even if the jury believed Kline's story, it was still intentional conduct. Kline did consciously and unjustifiably disregard the substantial danger involved in attempting to hit the phone away from White's ear using a baseball bat. Here, any conflicting evidence presented at trial established that Kline was either guilty of some form of intentional battery or he was guilty of nothing at all. Moreover, the State presented evidence that Kline intentionally struck White in the head with the bat to prevent her from calling the police.

There is a difference between a defendant's awareness that his or her conduct is reasonably certain to cause a result and the defendant's awareness of the nature of his or her conduct. However, in this case the State presented evidence of how and why Kline struck White with the bat as testified to by White and Kelli. The jury had to determine

6

whether Kline "acted while knowing that any great bodily harm or disfigurement of the victim was reasonably certain to result from the action." See *Hobbs*, 301 Kan. at 210-11. We are not firmly convinced that a jury properly instructed on the definition of knowingly would have reached a different result. See *Williams*, 295 Kan. 506, Syl. ¶ 5. We therefore find no reversible error regarding this instruction, and we affirm the district court's judgment.

Affirmed.