Johnson, J., concurring in part and dissenting in part:
I agree with the majority's determination that this court can exercise original jurisdiction over Easterberg's petition for writ of habeas corpus, **504 and I agree that a determination by the district court in the criminal proceeding that the acts constituting his kidnapping and aggravated battery convictions were not sexually motivated precludes a contrary determination in a subsequent KSVPA proceeding based upon those convictions. Where I part company with the majority is when it remands the case for a determination of whether the parties litigated the question of sexual motivation, i.e., whether the district court really meant to say what it said in its order.
To begin, it is helpful to pause and consider just what happened here. Easterberg was charged with rape and aggravated criminal *974 sodomy, both of which are statutorily defined as a sexually violent offense. K.S.A. 59-29a02(e)(1) and (5). Consequently, if the State had proceeded with that prosecution and obtained a conviction on either statutorily defined sexually violent charge, Easterberg's motivation in committing the crime would not have been germane; the conviction alone would have been conclusive proof that Easterberg committed a sexually violent crime. But the State voluntarily agreed to dismiss the sexually violent charges and accept a plea to crimes that are not per se sexually violent. "It is not uncommon for a prosecutor to entice a plea agreement from a defendant charged with a registration-qualifying sex offense by offering to amend the charge to a crime that will not require the defendant to register [under KORA]." State v. Petersen-Beard , 304 Kan. 192, 222, 377 P.3d 1127 (2016) (Johnson, J., dissenting). If that were the scenario here-which I submit is more likely than the State's suggestion that the prosecutor was simply asleep at the wheel-the court's finding that the crimes of conviction were not sexually motivated would have been integral to the parties' plea agreement, rather than being an inadvertent box-checking. There would have been agreement on the court's finding and no need for adverse litigation.
Nevertheless, we need not engage in dueling speculation. We have an appellate record that contains a journal entry-an order of the court-that quite explicitly says what happened; the district court found that the crimes of conviction were not sexually motivated. Generally, when a court enters a judgment "this court presumes that the trial court found all facts necessary to support its judgment."
**505 McIntyre v. State , 305 Kan. 616, 617-18, 385 P.3d 930 (2016) (citing O'Brien v. Leegin Creative Leather Products, Inc. , 294 Kan. 318, 361, 277 P.3d 1062 [2012] ; State v. Dern , 303 Kan. 384, 394, 362 P.3d 566 [2015] ; Supreme Court Rule 165 [b] [2015 Kan. Ct. R. Annot. 257] ).
Further, a finding on sexual motivation was required in this case for purposes of determining whether Easterberg was subject to KORA registration. Accordingly, contrary to the State's suggestion, the prosecutor did have a dog in the fight over the sexual motivation finding, i.e., the judge's ruling on that question made a difference in the ongoing relationship between Easterberg and the State. Consequently, when both the prosecuting attorney and the defense counsel approved the court's order by affixing their signatures to the journal entry, we should simply accept that the parties (and the court) meant what they said in writing. If the majority needs more than the prosecutor's signature, it can look to the fact that the State did not file a motion to alter or amend the journal entry; the State did not request the court to make additional findings of fact or conclusions of law; and the State did not appeal the district court's determination that Easterberg's convictions were not sexually motivated. I see no basis upon which the State is entitled to another bite of the apple.
Perhaps more importantly, the KSVPA contains a provision that explicitly addresses the procedure the State "shall" follow when sufficient evidence of sexual motivation exists for a crime that is not statutorily defined as a per se sexually violent crime. K.S.A. 2017 Supp. 59-29a14 provides (with emphasis added here):
"(a) The county or district attorney shall file a special allegation of sexual motivation within 14 days after arraignment in every criminal case other than sex offenses as defined in article 35 of chapter 21 of the Kansas Statutes Annotated, prior to their repeal, or article 55 of chapter 21 of the Kansas Statutes Annotated, or K.S.A. 2018 Supp. 21-6419 through 21-6422, and amendments thereto, when sufficient admissible evidence exists, which, when considered with the most plausible, reasonably foreseeable defense that could be raised under the evidence, would justify a finding of sexual motivation by a reasonable and objective fact finder.
"(b) In a criminal case wherein there has been a special allegation, the state shall prove beyond a reasonable doubt that the accused committed the crime with a sexual motivation. The court shall make a finding of fact of whether or not a sexual motivation was present at the time of the commission of the crime, or if a **506 jury trial is *975 had, the jury, if it finds the defendant guilty, also shall find a special verdict as to whether or not the defendant committed the crime with a sexual motivation. This finding shall not be applied to sex offenses as defined in article 35 of chapter 21 of the Kansas Statutes Annotated, prior to their repeal, or article 55 of chapter 21 of the Kansas Statutes Annotated, or K.S.A. 2018 Supp. 21-6419 through 21-6422, and amendments thereto.
"(c) The county or district attorney shall not withdraw the special allegation of sexual motivation without approval of the court through an order of dismissal of the special allegation. The court shall not dismiss this special allegation unless it finds that such an order is necessary to correct an error in the initial charging decision or unless there are evidentiary problems which make proving the special allegation doubtful."
Curiously, no one involved in this case cites to K.S.A. 2017 Supp. 59-29a14. I would think that one should ruminate on the legislative intent conveyed by its use of such explicit instructions-in ordinarily mandatory language-for determining sexual motivation in the criminal case, while saying not a whit about the procedure to make the determination in the KSVPA proceeding, except for persons found incompetent to stand trial. If nothing else, K.S.A. 2017 Supp. 59-29a14 belies the State's contention that K.S.A. 2017 Supp. 59-29a02(e)(13) is plain and unambiguous. See State v. Coman , 294 Kan. 84, 93, 273 P.3d 701 (2012) (even crystal clear statutory language can be ambiguous if various statutes conflict). But given that the district court did make the requisite finding in the district court and the attorneys for both parties approved the finding, we need not further consider the impact of K.S.A. 2017 Supp. 59-29a14.
In short, I would hold that the district court in the underlying criminal case made a finding that Easterberg's kidnapping and aggravated battery convictions were not sexually motivated, making him ineligible for involuntary commitment under the KSVPA. I would remand for the sole purpose of ordering the district court to dismiss the case and discharge Easterberg from custody.
Luckert, J., and Michael J. Malone, Senior Judge, join in the foregoing concurring and dissenting opinion.