NOT DESIGNATED FOR PUBLICATION

No. 124,174

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEANTE LAPAKA WATLEY JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed January 6, 2023. Appeal dismissed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, assistant district attorney, *Thomas Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., WARNER and COBLE, JJ.

PER CURIAM: After a confrontation led to the gunshot injuries of two people, Deante Lapaka Watley Jones was charged with two counts of aggravated battery. Jones claimed he fired his weapon in self-defense. Following an evidentiary hearing, the district court ultimately denied Jones' motion for self-defense immunity. Jones later entered into a plea agreement with the State in which he pleaded guilty to amended aggravated battery charges. The district court sentenced him to 13 months in prison and ordered him to register as a violent offender.

1

Jones now challenges the district court's denial of his self-defense immunity motion on direct appeal. But because Jones cannot challenge his conviction following a guilty plea without first attempting to withdraw his guilty plea before the district court, we lack jurisdiction to review this question and must dismiss this portion of his appeal.

Jones also appeals his registration requirements under the Kansas Offender Registration Act (KORA). He asserts that KORA is unconstitutional because the compulsory registration requirement violates the compelled speech doctrine of the First Amendment to the United States Constitution. Because Jones did not raise this issue before the district court, the question is not preserved for appeal and we dismiss this issue.

FACTUAL AND PROCEDURAL BACKGROUND

The confrontation occurred between Jones and Darin Rodriguez—passengers in separate vehicles—at a stoplight in the streets of Hutchinson, Kansas. Paula Thomas, Rodriguez' mother, was driving her car in which Rodriguez was a passenger and was stopped waiting for a left-turn traffic signal. Another car was stopped at the same traffic light to the right of the car occupied by Thomas and Rodriguez, with Jones in the backseat of the second car. Rodriguez stepped out of Thomas' vehicle and moments later, Jones discharged his firearm towards Rodriguez hitting him in his groin. The bullet ricocheted after passing through Rodriguez and traveled into Thomas' car, causing minor injury to Thomas' leg.

After Jones' arrest and the State's filing of aggravated battery charges, Jones filed a motion with the district court claiming self-defense immunity and requesting an order of dismissal. The district court held a two-day preliminary hearing during which the court heard witness testimony from both parties.

Witnesses' recollections of the events varied. Defense witnesses who were in the same car with Jones testified that Rodriguez was shouting, making threats, and trying to open the car door behind which Jones was sitting. They also testified that Rodriguez was lifting his shirt and appeared to be reaching for his waist, as if for a weapon. One of the State's witnesses also testified that she saw Rodriguez trying to open the door of the other car. But other State witnesses testified that Rodriguez did not act in a threatening way and did not try to open the car door. Rodriguez and Thomas testified that the shot was fired not long after Rodriguez got out of the car. At the conclusion of the hearing, the district court denied Jones' motion for self-defense immunity.

Jones later entered into a plea agreement with the State in which he pleaded guilty to two amended charges of aggravated battery, one severity level 7 and one severity level 8. The district court accepted the plea and, during the guilty plea hearing, ordered Jones to register as a violent offender. The district court denied Jones' departure motion and during a sentencing hearing on June 11, 2021, ordered concurrent standard grid sentences of 13 months' incarceration followed by 12 months of postrelease supervision. The journal entry of judgment noted that Jones needed to register as a violent offender because of his conviction of a person felony with the district court finding, on the record, that such felony was committed with a deadly weapon.

Jones timely appeals.

THIS APPELLATE COURT LACKS JURISDICTION OVER THE DISTRICT COURT'S
SELF-DEFENSE IMMUNITY RULING.

Jones first argues that the district court erred by denying his self-defense immunity motion because it applied an incorrect legal standard. The State responds that Jones waived this issue because he entered a guilty plea, and even if this court were to reach the merits of the question, it argues that the district court correctly applied the appropriate

legal standard. But because Jones challenges the district court's ruling on his self-defense motion on direct appeal after his voluntary guilty plea, we are deprived of jurisdiction over this issue.

As a threshold concern, we must first address our jurisdiction over—or power to hear and decide—the self-defense immunity question on appeal. Whether this appellate court possesses jurisdiction over a topic on appeal is a question of law over which our scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

A party's right to appeal is not constitutional but is entirely statutory. *State v. Smith*, 311 Kan. 109, 112, 456 P.3d 1004 (2020). Although exceptions exist, our appellate courts have jurisdiction to decide an appeal only if the appeal complies with Kansas statutes. 311 Kan. at 112 ("[T]he Kansas Court of Appeals 'may exercise jurisdiction only under circumstances allowed by statute.'").

Under K.S.A. 2021 Supp. 22-3602(a), generally, a criminal defendant in Kansas may appeal as a matter of statutory right from any judgment against him and may seek review of "any decision of the district court or intermediate order made in the progress of the case . . . ." But the final sentence of this same statutory subsection bars the appeal of a defendant's conviction following a guilty plea:

> "No appeal shall be taken by the defendant from a judgment of conviction before a
> district judge upon a plea of guilty or nolo contendere, except that jurisdictional or other
> grounds going to the legality of the proceedings may be raised by the defendant as
> provided in K.S.A. 60-1507, and amendments thereto." K.S.A. 2021 Supp. 22-3602(a).

Applying this statute, our appellate courts have repeatedly found that a defendant may not file a direct appeal of his conviction stemming from a guilty plea unless the defendant first moves to withdraw the plea and the district court denies the motion. *Smith*,

311 Kan. at 112; *State v. Hall*, 292 Kan. 862, 868, 257 P.3d 263 (2011) (finding a guilty plea without a subsequent motion to withdraw such plea in the district court deprives the appellate courts of jurisdiction). Our Supreme Court has found that an accused who enters a voluntary plea of guilty waives any defects or irregularities in any of the prior proceedings, even if the defects may reach constitutional dimensions. *State v. Coman*, 294 Kan. 84, 90, 273 P.3d 701 (2012) (citing *State v. Melton*, 207 Kan. 700, 713, 486 P.2d 1361 [1971]).

Jones argues that this same statute provides an exception for an appeal following a guilty plea where jurisdictional grounds are raised. Specifically, he cites the language in K.S.A. 2021 Supp. 22-3602(a) stating that "jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant . . . ." But Jones' argument contains a critical flaw—it fails to acknowledge the end of that same sentence in K.S.A. 2021 Supp. 22-3602(a), which concludes "as provided in K.S.A. 60-1507, and amendments thereto." In fact, an argument identical to Jones' has been reviewed by our Supreme Court and settled for us in *Smith*, 311 Kan. at 112.

In *Smith*, the defendant ignored the same portion of statutory language as Jones avoids here. Our Supreme Court found ambiguity in the language of K.S.A. 2018 Supp. 22-3602(a) that was omitted "as provided in K.S.A. 60-1507, and amendments thereto," and considered how to correctly interpret the statute. 311 Kan. at 113. There, our Supreme Court determined that the statute could be read in two ways. First, it could be read to mean that appellate courts have jurisdiction over appeals from guilty pleas or nolo contendere pleas if the defendant is challenging the jurisdictional grounds, the legality of the proceedings, or through any claims permitted under K.S.A. 60-1507. *Smith*, 311 Kan. at 113-14. Or, second, the statute could be read to prohibit appeals from guilty pleas or nolo contendere pleas but ensure that prisoners in custody may still file K.S.A. 60-1507 motions in district court and may appeal a ruling denying K.S.A. 60-1507 relief. 311 Kan. at 115.

The Supreme Court determined the first proposed construction to be problematic because both K.S.A. 22-3602(a) and K.S.A. 60-1507 allow challenges based on "'jurisdictional . . . grounds'" and reading the statutes in this way would render one or the other statutory provisions meaningless. 311 Kan. at 114-15. The only way to read the statute in harmony with other statutes and so it does not conflict with legislative intent is the second reading. 311 Kan. at 119. As a result, K.S.A. 2021 Supp. 22-3602(a) prohibits direct appeals from guilty pleas but confirms that defendants may still challenge the conviction or sentencing by filing a motion in the district court under K.S.A. 60-1507. See 311 Kan. at 113-19.

Here, Jones' appeal is not a collateral proceeding through a K.S.A. 60-1507 motion, nor does it follow a motion to withdraw his guilty plea. He merely raises the jurisdictional grounds exception in K.S.A. 2021 Supp. 22-3602(a) in an attempt to bypass a statutorily required procedure and to advance a direct appeal of his conviction after a guilty plea. But under K.S.A. 2021 Supp. 22-3602(a) and controlling Kansas Supreme Court precedent, this court is deprived of appellate jurisdiction to review the appeal of the district court's ruling on Jones' self-defense immunity motion.

Because we lack jurisdiction over this question, we must dismiss this portion of Jones' appeal.

WE DO NOT REACH WHETHER KORA VIOLATES THE COMPELLED SPEECH DOCTRINE UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION.

Jones next argues that KORA, K.S.A. 22-4901 et seq., violates his First Amendment protections against compelled speech under the United States Constitution. Jones contends that his registration under K.S.A. 2021 Supp. 22-4902(e)(2) and K.S.A. 2021 Supp. 22-4906(a)(2) compels him to provide his personal information under threat of incarceration, and then when the registration information is published by the

6

government, it equates to compelled speech. He also argues K.S.A. 2021 Supp. 22-4907, requiring specific information from an offender, denies him the ability to speak anonymously. The State argues that KORA does not violate the First Amendment because the publication of the information is government speech, and KORA has already been upheld under the strict scrutiny test by various Kansas courts.

A statute's constitutionality is a question of law subject to unlimited review by the appellate courts. *State v. Bodine*, 313 Kan. 378, 396, 486 P.3d 551 (2021)*.* But before reviewing the constitutionality of the KORA statute, we must first determine whether the argument is properly before us. And again, we are unable to reach the merits of Jones' argument.

*This court may have jurisdiction over the legal question, but this is not determinative of this appeal given the lack of preservation.*

Both statutory authority and caselaw lack clarity on whether under these specific circumstances the appellate court possesses jurisdiction to decide Jones' direct appeal of the district court's order for KORA registration. As discussed above, Jones cannot appeal his *conviction* without first seeking to withdraw his guilty plea, yet K.S.A. 2021 Supp. 22-3602(a) permits him to appeal his *sentence*. But whether the KORA registration requirement is part of his sentence, or not, may be a fact-based inquiry.

We acknowledge that, in *State v. Marinelli*, 307 Kan. 768, 415 P.3d 405 (2018), our Supreme Court considered whether the appellate courts have jurisdiction to consider a direct appeal of the district court's KORA registration order and concluded we do. Our Supreme Court determined that, although "within KORA, there are statutory provisions that argue against considering registration to be part of a criminal sentence" which would then remove it as a permitted appeal under K.S.A. 2017 Supp. 22-3602(a), the court found that it had jurisdiction to consider Marinelli's direct appeal of the district court's

KORA registration order, despite his earlier no-contest plea. 307 Kan. at 786-88. Generally, the Supreme Court found the order requiring Marinelli to register was neither a part of his sentence, nor a part of his conviction, but falls under the "more expansive language" found in the first sentence of K.S.A. 2017 Supp. 22-3602(a) implying an appeal is permitted from "'any judgment[,] . . . decision[,] . . . or intermediate order made in the progress of the case.'" 307 Kan. at 787-88.

But the decision in *Marinelli* was not entirely comprehensive; that is, it did not establish a bright-line rule that all challenges to KORA's duty to register are permitted under K.S.A. 2017 Supp. 22-3602(a). Our Supreme Court recognized there exist different categories of KORA registration—not simply an obligation that arises "'automatically by operation of law without court involvement.'" 307 Kan. at 785. While some "aspects of KORA appear self-executing, . . . others depend on a district court's exercise of discretion or judicial fact-finding." 307 Kan. at 784. Marinelli argued that he had no duty to register as a result of procedural errors by the district court—a lack of finding on the record that his crime was committed with a deadly weapon, and the district court's failure to inform him at the time of his conviction about his KORA registration duties. And although the Supreme Court found the "more expansive language" of K.S.A. 2017 Supp. 22-3602(a) covered the district court's deadly weapon finding in Marinelli's case, it noted that even those instances where the registration requirement springs from the convicted offense merely "*should be* caught up in the jurisdictional net cast by the first sentence in K.S.A. 2017 Supp. 22-3602(a)"—but "should be" does not a definitive answer make. 307 Kan. at 787.

Unlike in *Marinelli*, here, the facts do not provide a clear picture of the district court's findings on Jones' KORA registration. The district court first ordered Jones to register as a violent offender during the guilty plea hearing, two months before sentencing. Then, during the sentencing hearing, the district court neither mentioned registration requirements nor made any specific findings about the use of a deadly

8

weapon. Only the journal entry of judgment noted that Jones needed to register as a violent offender because of his conviction of a person felony with the district court finding, on the record, that such felony was committed with a deadly weapon. The location of this finding in the record is neither obvious nor argued by the parties.

But our discussion of statutory jurisdiction under K.S.A. 2021 Supp. 22-3602(a) is not determinative, because we decline to reach the merits for another jurisdictional reason. Also distinguishing this case from *Marinelli* is that Marinelli objected to his KORA registration at his sentencing hearing, so the preservation of his claim on appeal was not addressed by the appellate court. 307 Kan. at 408-09. Here, though, Jones never challenged his KORA registration before the district court.

*This issue was not properly preserved for appellate review.*

Jones concedes that he did not raise his KORA registration argument in the district court, and the State agrees. A longstanding credo in the appellate court is that, generally, constitutional issues not raised before the district court cannot be raised on appeal. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018) (citing *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 [2015]).

As noted by Jones, there are several exceptions to this general rule, including: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) resolution of the question is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the district court was right for the wrong reason. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019).

Kansas Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 36) requires an appellant to explain why an issue that was not raised below should be considered for the

9

first time on appeal. *Johnson*, 309 Kan. at 995. Our Supreme Court has repeatedly warned that Rule 6.02(a)(5) would be strictly enforced, and litigants who failed to comply with this rule risked a ruling finding the issue improperly briefed, and the issue would be deemed waived or abandoned. See *Daniel*, 307 Kan. at 430 (citing *Godfrey*, 301 Kan. at 1043-44; *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 [2014]).

Jones does not provide any explanation or excuse as to why this issue was not raised in the district court. Rather, he asserts that his claim on appeal meets the first two exceptions for preservation, because he maintains there are no factual disputes, this is simply a facial challenge to the law, and a fundamental right afforded by the First Amendment to the United States Constitution is being denied. Jones insists that it would be a "tragic error" if this court finds his issue was not preserved.

We disagree with Jones as to how his claim meets these exceptions. Although he calls this a facial challenge to KORA's constitutionality, as framed it resembles an as-applied challenge. Factual questions remain about the form and timing of the district court's imposition of the KORA requirements. Jones also implores us to review the government's use of 21 types of information sought under KORA in K.S.A. 2021 Supp. 22-4907(a) and whether the information sought is already held or otherwise accessible by the government—information not readily available through the record.

As an appellate court, our decision to review an unpreserved claim under either exception presented by Jones is a prudential one, and even if one of the exceptions were satisfied, we are under no obligation to review the newly asserted claim. *State v. Robison*, 314 Kan. 246, 248, 496 P.3d 892 (2021); see also *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020) (Declining to reach an unpreserved claim and finding the failure to present the argument to the district court "deprived the trial judge of the opportunity to address the issue in the context of this case and such an analysis would have benefitted our review.").

Finding Jones' constitutional claim is not preserved, we decline to exercise our appellate jurisdiction to address his KORA claim for the first time on appeal. A recent panel of this court similarly acknowledged that it need not address the same KORA constitutional question on appeal and that the decision to review claims under this exception is prudential. *State v. Masterson*, No. 124,257, 2022 WL 3692859, at *2 (Kan. App. 2022) (unpublished opinion) (citing *Gray*, 311 Kan. at 170). In *Masterson*, although the panel noted it "need not address this issue" because it was not raised for first time on appeal, the panel then declared: "[I]f we were to address this issue, it is legally and fatally flawed." 2022 WL 3692859, at *2.

Likewise, even if we were to reach Jones' unpreserved constitutional claim, which we decline to do, *Masterson* and Kansas federal courts have found, contrary to Jones' position, that KORA does not violate the compelled speech doctrine under the First Amendment. *Masterson*, 2022 WL 3692859, at *2; see *United States v. Fox*, 286 F. Supp. 3d 1219, 1221-24 (D. Kan. 2018) (finding that the federal Sex Offender Registration and Notification Act did not compel speech in violation of the First Amendment; "the law serves a compelling government interest and does so in a narrowly tailored fashion. It does not offend the First Amendment."); *Davis v. Thompson*, No. 19-3051-SAC, 2019 WL 6327420, at *3 (D. Kan. 2019) (unpublished opinion) (finding "if Plaintiff is attempting to claim that KORA offends the First Amendment as a result of compelled speech, such claim fails"). There are no novel arguments asserted by Jones distinguishable from those presented by the defendant in *Masterson*, and so were we to reach the merits of his unpreserved argument, it is likely to be similarly flawed.

CONCLUSION

Because Jones entered a guilty plea before the district court, he may not file a direct appeal of his conviction stemming from that plea unless he first moves to withdraw the plea and the district court denies the motion. But Jones did not seek to withdraw his

11

plea, and so under K.S.A. 2021 Supp. 22-3602(a) and controlling Kansas Supreme Court precedent, we lack jurisdiction over the appeal of the district court's denial of Jones' self-defense immunity motion.

Additionally, Jones failed to preserve his constitutional question on KORA registration. We find it is not prudential to reach this issue, so because the issue is unpreserved, we also do not consider the merits of his KORA question.

Appeal dismissed.